# EXHIBIT A

# All Documents Filed in State Court Action

# EXHIBIT A

F I L E D
Electronically
CV23-01789
2023-10-06 04:00:44 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9928831 : csulezic

**$1425**

MARK WRAY, #4425

LAW OFFICES OF MARK WRAY

608 Lander Street

Reno, Nevada 89509

(775) 348-8877

(775) 348-8351 fax

mwray@markwraylaw.com

Attorneys for Plaintiffs

KYLE KRCH and SANDRA KRCH, TRUSTEES,

OR THEIR SUCCESSORS IN TRUST, UNDER

THE KRCH LIVING TRUST, DATED FEBRUARY

4, 2011, AND ANY AMENDMENTS THERETO

SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

COUNTY OF WASHOE

| | |
|---|---|
| KYLE KRCH AND SANDRA KRCH, TRUSTEES, OR THEIR SUCCESSORS IN TRUST, UNDER THE KRCH LIVING TRUST, DATED FEBRUARY 4, 2011, AND ANY AMENDMENTS THERETO,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, dba MR. COOPER, and DOES 1-10,<br><br>Defendants. | Case No.<br><br>Dept.<br><br>**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

COME NOW Plaintiffs Kyle Krch and Sandra Krch, Trustees, or Their Successors

in Trust, Under the Krch Living Trust, Dated February 4, 2011, and Any Amendments

Thereto, by their counsel, and for their Verified Complaint for Declaratory and Injunctive

Relief against Defendants Nationstar Mortgage LLC, dba Mr. Cooper and Does 1-10 allege:

## Jurisdiction

1.      The Court has jurisdiction of this action in that district courts have original jurisdiction of all actions excluded from the jurisdiction of the justice courts pursuant to Art. 6, §6 of the Nevada Constitution.  This action is excluded from the jurisdiction of the justice courts under NRS 4.370 based on the amount in controversy exceeding $15,000 and based on the Complaint asserting a claim for declaratory and injunctive relief.

## Parties

2.      Plaintiffs Kyle Krch and Sandra Krch, Trustees, or Their Successors in Trust, Under the Krch Living Trust, Dated February 4, 2011, and Any Amendments Thereto (collectively, "Krch"), are individuals married to each other residing in Washoe County, Nevada.

3.      Defendant Nationstar Mortgage LLC ("Nationstar") is registered with the Nevada Secretary of State as a foreign limited liability company organized and existing under the laws of the state of Delaware.  Nationstar was and is doing business at all relevant times in Washoe County, Nevada under the fictitious name "Mr. Cooper."

4.      Plaintiffs are unaware of the true names or capacities of Defendants sued herein as Does 1-10, inclusive, and therefore Plaintiffs sue such Defendants by such fictitious names.  Plaintiffs are informed and believe that at all relevant times, each Defendant, including Does 1-10, was and is the agent, employee, representative, alter ego, joint venturer and co-conspirator of each other Defendant, and was and is acting in

2

the court and scope of such agency, employment, representation, alter ego relationship, joint venture and conspiracy, and with the knowledge, consent and ratification of each other Defendants, in causing the injuries and damage to Plaintiffs alleged herein.

**Relevant Facts**

5. In approximately July 2008, an individual named Xiu Y. Pan purchased a condominium at 859 Nutmeg Place, Apt. 21, Reno, Nevada 89502, APN 020-485-12 with the legal description:

> PARCEL 1:
> Unit 21 in Block C as shown on the Amended Plat of Summersnow Condominiums, a Condominium, according to the Map thereof, filed in the Office of the County Recorder of Washoe County, State of Nevada, on August 2, 1979, as File No. 621100, and as Tract Map No. 1872.
>
> PARCEL 2:
> Parking Space 21-C of Summersnow Condominiums, A Condominium, according to the Map thereof, filed in the Office of the County Recorder of Washoe County, State of Nevada, on August 2, 1979.
>
> PARCEL 3:
> An undivided 1/1189th interest in and to Unit 12, Block F as shown on the Amended Plat of Summersnow Condominium, a Condominium, according to the Map thereof filed in the Office of the County Recorder of Washoe County, State of Nevada, on August 2, 1979.
>
> PARCEL 4:
> An undivided 1/1189th interest in and to the Common Area as shown on the Amended Plat of Summersnow Condominiums, a Condominium, according to the Map thereof, filed in the Office of the County Recorder of Washoe County, State of Nevada, on August 2, 1979.

("Property").

3

6. On July 23, 2008, a Deed of Trust executed by Pan was recorded against the Property in favor of Bank of America, as beneficiary, securing a loan which on information and believe was in the original amount of $68,000 ("Deed of Trust").

7. Plaintiffs are informed and believe that on approximately December 16, 2013, Bank of America assigned its beneficial interest in the Deed of Trust to the Federal National Mortgage Association ("Fannie Mae").

8. On April 24, 2015, Alpine Vista II Homeowners Association ("HOA") as Grantor in foreclosure of delinquent assessments sold the Property to the highest bidder at a foreclosure sale. The highest bidder was Plaintiff Kyle Krch. He paid the sum of $26,500 in the belief that under Nevada Revised Statutes the super priority lien of the HOA would vest title in Mr. Krch free and clear of any other liens. A true and correct copy of the Deed in Foreclosure of Assessment Lien is attached hereto as Exhibit 1 and incorporated herein by reference.

9. After satisfying the amount owed to the HOA for delinquent assessments, a surplus of $13,298.40 remained. The HOA filed an interpleader action in federal court seeking direction on who was entitled to receive the surplus.

10. On November 12, 2019, U.S. District Court Chief Judge Miranda M. Du ordered that the HOA was required to disburse the surplus amount of $13,298.40 to Fannie Mae. A true and correct copy of the order is attached as Exhibit 2 and incorporated herein by reference.

4

11.   Plaintiffs are informed and believe and based thereon allege that on a date sometime between November of 2019 and June of 2023, Fannie Mae assigned the Deed of Trust to Defendant Nationstar.

12.   On January 31, 2023, Kyle Krch deeded the Property to Plaintiffs.  The Property is a two-bedroom, two-bath condominium measuring 856 square feet whose value is estimated at approximately $200,000.

13.   From the date Kyle Krch acquired ownership of the Property on April 24, 2015 to present, neither Fannie Mae nor Nationstar sent Kyle Krch or Plaintiffs an invoice, a statement of account or a demand for a specific sum of money claimed to be owed to either of them.

14.   Plaintiffs do not have a copy of the original loan paperwork between Pan and Bank of America, including any promissory note that may have existed.

15.   Plaintiffs have no knowledge of the amount that Nationstar claims to be owed that is allegedly secured by a deed of trust on the Property.

16.   NRS 107.080(2) provides that a power of sale under a deed of trust must not be exercised until certain procedures are followed as set forth in the statute.

17.   NRS 107.080(2)(b) requires a notice of breach and election to sell to be recorded in order to exercise a power of sale.

18.   NRS 107.080(3) states that a copy of the recorded notice of default and election to sell must be mailed by registered or certified mail, return receipt

5

requested and with postage prepaid to the grantor or to the person who holds the title of record on the date the notice of default and election to sell is recorded.

19.     On or about June 16, 2023, Nationstar caused to be recorded in the office of the Washoe County Recorder a Notice of Default and of Election to Cause Sale of Real Property Under Deed of Trust ("Notice of Default"). A true and correct copy of the Notice is attached as Exhibit 3 and is incorporated herein by reference.

20.     On the date the Notice of Default was recorded, Plaintiffs were the persons who held title of record to the Property.

21.     Because Plaintiffs held title to the Property, Nationstar caused copies of the Notice of Default to be served on Plaintiffs in June 2023 via certified mail.

22.     Also in June 2023, certified mail envelopes addressed to Xiu Y. Pan were delivered to Plaintiffs' address. Plaintiffs are informed and believe the envelopes addressed to Xiu Y. Pan contain additional copies of the Notice of Default.

23.     Under NRS 107.080, which spells out the statutory requirements for a notice of default and election to sell under a deed of trust, a notice "must describe the deficiency in performance or payment." *See* NRS 107.080(3).

24.     The Notice of Default does not comply with NRS 107.080(3) in that the Notice of Default does not describe the alleged deficiency in performance or payment, including, but not limited to, (a) the balance allegedly currently due on the note, (b) the interest rate, or (c) any information about the terms of the note that

would allow Plaintiffs to compute how much might be claimed to be currently owed on the note.

25.     The only information discernible from the Notice of Default is that the original note back in 2008 was for $68,0000 and installments of principal and interest that became due from and after November 1, 2013 allegedly were not paid. It further claims that all subsequent installments of principal and interest were not paid, which means that Nationstar did not credit the payment of $13,298.40 that was made to Fannie Mae per Judge Du's order in 2019 in the federal court case.

26.     By asserting that no payment has been made since November 1, 2013, the Notice of Default is materially false and violates applicable provisions of Chapter 107 of Nevada Revised Statutes.

27.     NRS 107.080(2)(a)(2) and NRS 107.080(3) provide that the amount due under a note secured by a deed of trust cannot be accelerated during the first 35 days after a notice of default and election to sell is recorded.

28.     NRS 107.080(2)(d) provides that a foreclosure sale cannot occur until at least 3 months have elapsed since the notice of default and election to sell is recorded.

29.     The notice of default procedure in NRS 107.080 enables a property owner to cure an alleged default either within 35 days or alternatively within 3 months of recording of a notice of default, and thereby prevent a forfeiture and loss of the owners' property.

30.     Plaintiffs could not exercise their right to cure the alleged default based on the Notice of Default received from Nationstar because the Notice of Default did not state the amount of the alleged default.

31.     Plaintiffs never had a note with Nationstar from whose terms Plaintiffs could calculate the amount allegedly due.

32.     Plaintiffs did not receive any invoices or statements for installment payments from Nationstar from which Plaintiffs could ascertain the amount allegedly due.

33.     Upon receiving the Notice of Default, Kyl Krch attempted to ascertain the amount claimed to be owed to Nationstar by contacting Nationstar, aka "Mr. Cooper", to request information on the amount that was claimed to be in default.

34.     Nationstar knew Plaintiffs were the owners of the Property as evidenced by the fact that Nationstar has previously served the Plaintiffs with the Notice of Default via certified mail.

35.     Despite knowing that Plaintiffs held title to the Property and were asking for the information about the amount claimed to be due, Nationstar/Mr. Cooper refused to provide any information to Kyle Krch about the amount of the default.

36.     Plaintiffs engaged their undersigned counsel to attempt to obtain the information that Nationstar had refused to supply to Mr. Krch.

37.     Counsel for Plaintiffs made multiple phone calls to Nationstar/Mr. Cooper in June, July and August, 2023.

8

38.     Counsel for Plaintiffs sent multiple emails and letters to Nationstar/Mr. Cooper in June, July and August, 2023.  True and correct copies of the written communications are attached as Exhibit 4 and incorporated herein by this reference.

39.     Counsel's communications to Nationstar/Mr. Cooper included authorizations signed by Mr. Krch directing Nationstar/Mr. Cooper to communicate with counsel and provide any information requested by counsel.

40.     Nationstar/Mr. Cooper refused to disclose to Plaintiffs' counsel any information concerning the foreclosure, including but not limited to the amount claimed to be owed.

41.     The alleged ground relied on by Nationstar/Mr. Cooper for not providing Plaintiffs with any information on the foreclosure was that Plaintiffs were not the borrower.

42.     Knowing that Plaintiffs held title to the Property and that Plaintiffs were entitled to adequate notice and opportunity to cure any alleged default under NRS Chapter 107, Nationstar/Mr. Cooper refused to provide any information concerning the balance allegedly owed or any other information regarding the claimed indebtedness.

43.     In the emails and letters to Nationstar/Mr. Cooper, counsel for Plaintiffs referenced the apparent absence of credit for the amount ordered to be paid to Fannie Mae in the prior federal court action.  Nationstar/Mr. Cooper refused to address the issue of whether the payment was credited, on the basis that counsel

9

for Plaintiffs did not have authorization to receive any information because he does not represent the original borrower, Mr. Pan.

44.     On or about September 29, 2023, a Notice of Trustee's sale was posted on the door of the Property notifying Plaintiffs of an auction sale of their Property which is to occur at 10 a.m. on October 20, 2023 on the steps of the Washoe County Courthouse.  A true and correct copy of the Notice of Trustee's Sale is attached as Exhibit 5 and incorporated herein by reference.

45.     Because real property is considered unique, the remedy at law for forfeiture of Plaintiffs' Property through unlawful foreclosure is inadequate.

46.     A justiciable controversy exists between Plaintiffs and Nationstar under the Uniform Declaratory Judgment Act, NRS Chapter 30 ("Declaratory Judgment Act"), in that Nationstar claims a right to foreclose on the Property on October 20, 2023, while Plaintiff contends that Nationstar has no right to foreclose because Nationstar violated Plaintiffs' rights as title holders of the Property under the foreclosure statutes in Chapter 107 of Nevada Revised Statutes.

47.     Declaratory relief is appropriate under the Declaratory Judgment Act because the interests of Plaintiffs and Nationstar are adverse and Plaintiffs have a legally protectible interest in the Property, to wit, Plaintiffs have title to the Property.

48.     Declaratory relief is appropriate under the Declaratory Judgment Act because the issue of the lawfulness of a foreclosure sale is ripe for judicial determination, in that Nationstar has recorded and served the Notice of Default and

10

the Notice of Trustee's Sale scheduling the auction sale of Plaintiffs' Property at 10 a.m. on October 20, 2023 at the Washoe County Courthouse.

49.    Plaintiffs are entitled to a temporary restraining order, preliminary injunction and permanent injunction pursuant to NRCP 65 enjoining and restraining Nationstar, its directors, officers, employees, agents, assignees, and anyone acting in concert with them, from exercising the power of sale under a deed of trust to sell 859 Nutmeg Place, #21, Reno, Nevada, at 10 a.m. October 20, 2023 at the Washoe County Courthouse, and enjoining any attempted foreclosure sale of the Property without further Order of this Court.

WHEREFORE, Plaintiffs pray:

1.    For a temporary restraining order, preliminary injunction and permanent injunction enjoining and restraining Defendant Nationstar Mortgage, LLC, dba Mr. Cooper, its directors, officers, employees, agents, assignees, and anyone acting in concert with them, from exercising the power of sale under a deed of trust to sell 859 Nutmeg Place, #21, Reno, Nevada, at 10 a.m. October 20, 2023 at the Washoe County Courthouse, or at any continued foreclosure sale date;

2.    For a judicial declaration that the scheduled foreclosure sale of 859 Nutmeg Place, #21, Reno, Nevada by Defendant Nationstar Mortgage, LLC, dba Mr. Cooper is unlawful and void for failure of Defendant to comply with the procedure in Chapter 107 of Nevada Revised Statutes pertaining to foreclosure sales;

3.    For attorneys fees as special damages;

4.    For attorneys fees pursuant to statute;

11

5.     For costs of suit; and

6.     For all other appropriate relief.

*The undersigned certifies that the foregoing document does not contain the Social Security number of any person.*

DATED: October 6, 2023          LAW OFFICES OF MARK WRAY

By _____
          MARK WRAY
Attorneys for Plaintiffs KYLE KRCH AND
SANDRA KRCH, TRUSTEES, OR THEIR
SUCCESSORS IN TRUST, UNDER THE
KRCH LIVING TRUST, DATED FEBRUARY
4, 2011, AND ANY AMENDMENTS
THERETO

12

VERIFICATION

We, Kyle Krch and Sandra Krch, state:

We are the Plaintiffs in the above-captioned case. We have read the foregoing document and know the contents thereof. The same is true of our own knowledge, except as to the matters which are therein stated on information or belief, and as to those matters we believe them to be true.

We declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.


KYLE KRCH


SANDRA KRCH

13

1

## INDEX

2

| No. | Description | Pages |
|-----|-------------|-------|
| 1 | Deed in Foreclosure of Assessment Lien | 4 |
| 2 | District Court Order | 6 |
| 3 | Notice of Default | 21 |
| 4 | Emails and Correspondence | 17 |
| 5 | Notice of Trustees Sale | 4 |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

F I L E D
Electronically
CV23-01789
2023-10-06 04:00:44 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9928831 : csulezic

# Exhibit 1

RECORDING REQUESTED BY:

Kyle Krch

WHEN RECORDED RETURN TO:

Kyle Krch
325 Harbour Cove, #111
Sparks, NV  89434

APN:  020-373-12
*RPTT : 108.65*

**DOC #4480994**

06/19/2015 10:48:54 AM
Electronic Recording Requested By
FIRST AMERICAN TITLE RENO
Washoe County Recorder
Lawrence R. Burtness
Fee: $19.00  RPTT: $108.65
Page 1 of 3

Deed in Foreclosure of Assessment Lien

Title of Document

This page added to provide additional information required by NRS 111.312 Sections 1-2. (Additional recording fee applies)

This cover page must be typed or printed.

This instrument is being recorded as an "Accommodation Only" by First American Title Insurance Company and has not been examined as to its validity, execution or its effect upon title, if any.

APN: 020-373-12

Mail Tax Statements to:
Kyle Krch
4115 Inwood Ln.
Reno, NV 89502

When recorded mail to:
Kyle Krch
4115 Inwood Ln.
Reno, NV 89502

The undersigned hereby affirms that this document,
including any exhibits, submitted for recording does not
contain the social security number of any person or
persons. (Per NRS 239B.030)

## DEED IN FORECLOSURE OF ASSESSMENT LIEN

THIS DEED, made the 24th day of April, 2015, between Alpine Vista II Homeowners Association, as Grantor in foreclosure of the Notice of Delinquent Assessment and Claim of Lien Homeowners Association, and Kyle Krch as Grantee.

WITNESSETH that the Grantor, pursuant to NRS 116.31162, 116.31163 and 116.31164 did sell under foreclosure of the Notice of Delinquent Assessment and Claim of Lien Homeowners Association, identifying Xiu Y. Pan as the homeowner, recorded July 18, 2014 as Document Number 4374528, of Official Records of Washoe County, State of Nevada, the same having remained unpaid and the Grantor having recorded a Notice of Default and Election to Sell on September 11, 2014 as Document Number 4391169, of Official Records of Washoe County, State of Nevada, and there being no satisfaction of the aforesaid obligation, and the Notice of Sale was recorded March 2, 2015 as Document No. 4440777; the Notice of Sale was mailed to all lienholders, all persons claiming an interest in the real property and the Notice of Sale was advertised, published and posted after the elapsing of 90 days from the recording and mailing of said Notice of Default and Election to Sell according to the law and meeting all requirements of applicable law, including but not limited to Chapter 116 of Nevada Revised Statutes, and the sale having occurred on April 24, 2015 and

WHEREAS the Grantee did bid and pay the sum of $26,500.00 for the interest of the Grantor under the assessment and lien and does hereby purchase all right, title and interest of the current vested owner without covenant or warranty, expresses or implied, regarding title, possession or encumbrances, without equity or right of redemption that real property commonly known as 859 Nutmeg Place #21 situate in the County of Washoe, State of Nevada and being more particularly described as follows:

PARCEL I:
Unit 21 in Block C as shown on the Amended Plat of Summersnow Condominiums, a Condominium, according to the Map thereof, filed in the Office of the County Recorder of Washoe County, State of

Nevada, on August 2, 1979, as File No. 621100, and as Tract Map No. 1872.

PARCEL 2:
Parking Space 21-C of Summersnow Condominiums, A Condominium, according to the Map thereof, filed in the Office of the County Recorder of Washoe County, State of Nevada, on August 2, 1979.

PARCEL 3:
An undivided 1/189th interest in and to Unit 12, Block F as shown on the Amended Plat of Summersnow Condominium, a Condominium, according to the Map thereof, filed in the Office of the County Recorder of Washoe County, State of Nevada, on August 2, 1979.

PARCEL 4:
An undivided 1/189th interest in and to the Common Area as shown on the Amended Plat of Summersnow Condominiums, a Condominium, according to the Map thereof, filed in the Office of the County Recorder of Washoe County, State of Nevada, on August 2, 1979.

That the foregoing consideration of $26,500.00, lawful money of the United States was the highest bid at public sale under said assessment lien.

Dated: May 26, 2015                    Alpine Vista II Homeowners Association

                                       By: Gayle A. Kern, Esq., Its Attorney
                                       5421 Kietzke Lane, Suite 200
                                       Reno, NV 89511
                                       (775) 324-5930

STATE OF NEVADA          )
                         ) ss.
COUNTY OF WASHOE         )

This instrument was acknowledged before me on May 26, 2015 by Gayle A. Kern, Esq.

JESSE BRACKNEY
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 11-5544-2 - Expires July 29, 2015

NOTARY PUBLIC

F I L E D
Electronically
CV23-01789
2023-10-06 04:00:44 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9928831 : csulezic

# Exhibit 2

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALPINE VISTA II HOMEOWNERS ASSOCIATION, a Nevada Non-Profit Cooperative Corporation, | Case No. 3:15-cv-00549-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| XIU Y. PAN; *et al.*, | |
| Defendants. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | |
| Counterclaimant, | |
| v. | |
| ALPINE VISTA II HOMEOWNERS ASSOCIATION; and KYLE KRCH, | |
| Counter-Defendants. | |
| KYLE KRCH, | |
| Cross-Claimant, | |
| v. | |
| ALPINE VISTA II HOMEOWNERS ASSOCIATION, | |
| Cross-Defendant. | |

I.    **SUMMARY**

This action arose out of a non-judicial foreclosure sale ("HOA Sale") of real property located at 859 Nutmeg Place, #21, in Reno, Nevada ("Property"). Presently before the Court is Plaintiff Alpine Vista II Homeowners Association's ("HOA") motion for an order to interplead surplus funds pursuant to Fed. R. Civ. P. 22 and 67 as well as NRS §

///

1    116.31164(7)(b)[1] ("Motion"). (ECF No. 81.) In the Motion, the HOA also seeks attorneys'

2    fees and costs in gist for bringing the original state-court action (ECF No. 1 at 7–10) in

3    interpleader and bringing the Motion here. The Court will deny the Motion because

4    interpleading funds is not appropriate at this juncture. The Court also declines to exercise

5    its discretion to grant the HOA's requested fees and costs.[2]

6    **II.   BACKGROUND**

7         After the HOA collected money due and owing to it upon the HOA Sale, surplus

8    proceeds of $13,298.40 remained. (ECF No. 81-1 at 6.) The HOA filed a complaint in

9    interpleader in state court naming the Federal National Mortgage Association ("Fannie

10   Mae"), Xiu Y. Pan ("Borrower"), Bank of America, N.A. ("BANA") and unknown claimants

11   as defendants. (ECF No. 1 at 7–8.) Fannie Mae removed the case under 28 U.S.C. §§

12   1331, 1441 and 1446, pursuant to its charter—12 U.S.C. § 1723a. (ECF No. 3.) On

13   December 20, 2018, the Court granted summary judgment for Fannie Mae based on 12

14   U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar"). (ECF No. 73.) The Court specifically found

15   that the Federal Foreclosure Bar preserved Fannie Mae's interest in the first deed of trust

16   ("DOT") from being extinguished by the HOA Sale. (*Id.*; *see also* ECF Nos. 79.) The Clerk

17   of the Court entered judgment accordingly on March 7, 2019. (ECF No. 80.) The HOA filed

18   the Motion the following day. (ECF No. 81.)

19   **III.   REQUEST TO INTERPLEAD FUNDS**

20         "The purpose of interpleader is for the stakeholder to 'protect itself against the

21   problems posed by multiple claimants to a single fund.'" *Lee v. W. Coast Life Ins. Co.*, 688

22   F.3d 1004, 1009 (9th Cir. 2012) (quoting *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024

23   (9th Cir. 2010). Under Fed. R. Civ. P. 22, "interpleader is permissible where a plaintiff-

24   ///

---

25         [1]NRS § 116.31164(7)(b) prescribes the order of distributing the proceeds from a

26   foreclosure sale.

27         [2]In addition to the Motion, the Court has considered the responses (ECF No. 83,

     84), replies (ECF No. 85, 86), the memorandum (ECF No. 82) and exhibits (ECF No. 81-

28   1, 83-1, 85-1).

2

1  stakeholder may be exposed to double or multiple liability due to the existence of multiple

2  claimants . . .."[3] *Absolute Bus. Sols., Inc. v. Mortg. Elec. Registration Sys., Inc.*, No. 2:15-

3  cv-01325-RJC-NJK, 2017 WL 58569, at *1 (D. Nev. Jan. 4, 2017) (citations omitted). "[I]n

4  order to avail itself of the interpleader remedy, a stakeholder must have a good faith belief

5  that there are or may be colorable competing claims to the stake." *Michelman v. Lincoln*

6  *Nat. Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012). The prerequisite of good faith

7  demands that "a real and reasonable fear of exposure to double liability or the vexation of

8  conflicting claims" exits. *Id.*

9       Irrespective of whether the HOA could have been concerned with competing

10  interests when this action was initiated in state court, no such competing interests exist at

11  this time. There is no dispute that the surplus funds should be paid to Fannie Mae. (*See*

12  *generally* ECF Nos. 81, 83, 84.) Notably, all other claimants that were listed in the HOA's

13  state-court complaint have defaulted in this action. (*Compare* ECF No. 1 at 7–8 *with* ECF

14  Nos. 16 (default entered against BANA for non-appearance), 44 (default entered against

15  Borrower); ECF No. 78 (default entered against fictitious or unknown claimants).)

16  Accordingly, there is no reason to deposit the surplus funds via interpleader in this Court

17  for essentially simultaneous disbursement to Fannie Mae. Instead, the surplus funds

18  should be paid to Fannie Mae directly.  Thus, the Motion is denied.

19  **IV.   ATTORNEYS' FEES AND COSTS**

20       From the surplus funds of $13,298.40, the HOA seeks to first deduct attorneys' fees

21  and costs it claims is related to bringing this action as plaintiff-in-interpleader in the amount

22  of $12, 575.99. (*E.g.*, ECF No. 85 at 10.) Such an award to the HOA would leave Fannie

23  Mae with only $722.41 of the surplus funds. (*Id.*) In its discretion, the Court declines the

24  HOA's request for the following reasons.

25  ///

26  ///

27       [3]In addition, Fed. R. Civ. P. 67(a) provides that a party seeking the disposition of a
     sum of money "on notice to every other party and by leave of court—may deposit with the

28  court all or part of the money or thing, whether or not that party claims any of it. The
     depositing party must deliver to the clerk a copy of the order permitting deposit."

3

1    "[C]ourts have discretion to award attorney fees to a disinterested stakeholder in

2   an interpleader action." *Abex Corp. v. Ski's Enterprises, Inc.,* 748 F.2d 513, 516 (9th Cir.

3   1984). Such fees are typically appropriate where "(1) the party seeking fees is a

4   disinterested stakeholder, (2) who had conceded liability, (3) *has deposited the disputed*

5   *funds into court,* and (4) has sought a discharge from liability." *Sun Life Assur. Co. of*

6   *Canada v. Chan's Estate,* No. C–03–2205 SC, 2003 WL 22227881, at *3 (N.D. Cal. Sept.

7   22, 2003) (emphasis added) (quotation and citation omitted). "In addition, if the

8   stakeholder faces multiple claims *in the ordinary course of its business,* some courts have

9   declined to award it attorneys' fees." *Fid. Nat. Title Co. v. U.S. Small Bus. Admin.,* No.

10   2:13-CV-02030-KJM-AC, 2014 WL 6390275, at *4 (E.D. Cal. Nov. 13, 2014) (emphasis

11   added); *see also Companion Life Ins. Co. v. Schaffer,* 442 F. Supp. 826, 830

12   (S.D.N.Y.1977) (expressing an inclination to deny an insurer's fee request because

13   "[c]onflicting claims to the proceeds of a policy are inevitable and normal risks of the

14   insurance business").

15    As a preliminary matter and as the Court found above, interpleader is not warranted

16   here. The HOA's very concession that Fannie Mae is entitled to the surplus funds supports

17   this conclusion. (ECF No. 81 at 7 ("Defendants to the interpleader have been defaulted,

18   but for Fannie Mae. The only interests in the surplus funds, therefore, may be those of

19   Fannie Mae . . ..").) The fact that the HOA knows the party entitled to the surplus funds

20   negate a good faith belief that there are competing claims at stake at this time. Additionally,

21   the HOA is already bound to disburse funds to Fannie Mae under NRS § 116.31164(7)(b).

22   Fannie Mae, as holder of the DOT on the Property, is next in line and the only party entitled

23   to receive the remainder of the proceeds because the former unit owner (here, Borrower)

24   no longer has any interest in the Property after the HOA Sale. *Id.* § 116.31164(7)(b)(4) &

25   (5). Further, it would be completely unfair to permit the HOA to shift foreseeable costs of

26   its business and obligations in a foreclosure action to Fannie Mae, leaving Fannie Mae

27   with only $722.41 of $13,298.40. Accordingly, the Court denies the HOA's request for fees

28   and costs.

4

V.     **CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Alpine Vista II Homeowners Association's motion to interplead surplus funds and accompanying request for attorneys' fees and costs (ECF No. 81) are denied.

DATED THIS 12th day of November 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

F I L E D
Electronically
CV23-01789
2023-10-06 04:00:44 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9928831 : csulezic

# Exhibit 3

Quality Loan Service Corp.
Return Mail Processing
2763 Camino Del Rio S., 1st FL
San Diego, CA 92108



7196 9002 3371 1233 7950

**Mediation Forms Enclosed**





NV-20-879622-AB
**Mediation Forms Enclosed**
**KYLE KRCH**
**4115 INWOOD LN**
**RENO, NV 89502**

18240501

this page intentionally left blank

**Security Interest Contact Information**
**(Pursuant to NRS 116, Section 1)**

TS No. NV-20-879622-AB

Loan Servicer:   Nationstar Mortgage LLC

Address:   8950 Cypress Waters Boulevard

Coppell, TX, 75019

Telephone No:   888-811-5279

this page intentionally left blank

APN(s): **020-485-12**
Recording requested by:

When recorded mail to:
Quality Loan Service Corporation
2763 Camino Del Rio South
San Diego, CA 92108
619-645-7711

DOC #5385868
06/14/2023 08:17:00 AM
Electronic Recording Requested By
VISIONET SYSTEMS - MCCARTHY
Washoe County Recorder
Kalie M. Work
Fee: $293.00  RPTT: $0
Page 1 of 8

---

TS No.: NV-20-879622-AB                    Space above this line for recorders use only
Order No.: FIN-20000905
Property Address: 859 NUTMEG PL APT 21, RENO, NV 89502-4744

It is hereby affirmed that this document submitted for recording does not contain the social security
number of any person or persons. (Per NRS 239B.030).

# Notice of Breach and Default and of Election to Cause Sale of Real Property under Deed of Trust

NOTICE IS HEREBY GIVEN:  That **Quality Loan Service Corporation** is either the original trustee or
the duly appointed substituted trustee under a Deed of Trust dated **6/27/2008**, executed by Xiu Y. Pan, an
unmarried person, as Trustor, to secure certain obligations in favor of **Bank of America, N.A.**, as
beneficiary, recorded 7/23/2008, as **Instrument No. 3671581**,    of Official Records in the Office of the
Recorder of  WASHOE County, Nevada securing, among other obligations including **1 NOTE(S) FOR
THE ORIGINAL** sum of **$68,000.00**, that the beneficial interest under such Deed of Trust and the
obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the
obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

**The installments of principal and interest which became due on 11/1/2013, and all subsequent
installments of principal and interest through the date of this Notice, plus amounts that are due for
late charges, delinquent property taxes, insurance premiums, advances made on senior liens, taxes
and/or insurance, trustee's fees, and any attorney fees and court costs arising from or associated
with the beneficiaries efforts to protect and preserve its security, all of which must be paid as a
condition of reinstatement, including all sums that shall accrue through reinstatement or pay-off.
This amount owed will increase until your account becomes current.  Nothing in this notice shall be
construed as a waiver of any fees owing to the Beneficiary under the Deed of Trust pursuant to the
terms of the loan documents.**

The present Beneficiary under such Deed of Trust has declared and does hereby declare all sums secured
thereby immediately due and payable and has elected and does hereby elect to cause the trust property to
be sold to satisfy the obligations secured thereby.

TS No.: NV-20-879622-AB
Notice of Default

## NOTICE

You may have the right to cure the default hereon and reinstate the one obligation secured by such Deed of Trust above described. Section NRS 107.080 permits certain defaults to be cured upon the payment of the amounts required by that statutory section without requiring payment of that portion of principal and interest which would not be due had no default occurred. As to owner occupied property, where reinstatement is possible, the time to reinstate may be extended to 5 days before the date of sale pursuant to NRS 107.080. The Trustor may have the right to bring a court action to assert the nonexistence of a default or any other defense of Trustor to acceleration and sale.

**For information relating to the foreclosure status of the property and/or to determine if a reinstatement is possible and the amount, if any, to cure the default, please contact:**

> **Nationstar Mortgage LLC d/b/a Mr. Cooper**
> **c/o Quality Loan Service Corporation**
> **2763 Camino Del Rio South**
> **San Diego, CA 92108**
> **619-645-7711**

**To reach a Loss Mitigation Representative who is authorized to negotiate a loan modification, please contact:**

> **Nationstar Mortgage LLC**
> **Contact:**              **Loss Mitigation Team**
> **Department:**    **Loss Mitigation Department**
> **Phone:**              **888-480-2432**
> **Toll Free:**          **888-480-2432**

You may wish to consult a credit-counseling agency to assist you. The following are two local counseling agencies approved by the Department of Housing and Urban Development (HUD): Nevada Legal Services, Inc., 877-693-2163, http://www.nlslaw.net; and Southern Nevada Regional Housing Authority, 702-922-6900, http://www.snvrha.org. HUD can provide you with the names and addresses of additional local counseling agencies if you call HUD's toll-free telephone number: 800-569-4287. Additional information may also be found on HUD's website: http://portal.hud.gov/portal/page/portal/HUD/localoffices.

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

TS No.: NV-20-879622-AB
Notice of Default

Dated: 6·12·23                    Quality Loan Service Corporation, as Trustee

                                  By: Stephanie Echeverria, Assistant Secretary

---

A notary public or other officer completing this certificate verifies only the identity of the individual
who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or
validity of that document.

---

State of: **California**)

County of: **San Diego**)

On ___JUN 1 2 2023___ before me, _____, **A. Pilgram**_____ a notary public,
personally appeared ___Stephanie Echeverria___, who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and
that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of **California** that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.          (Seal)

Signature ___A. Pilgram___
            A. Pilgram

A. PILGRAM
Notary Public - California
San Diego County
Commission # 2357509
My Comm. Expires May 14, 2025

## Declaration of Compliance
### N.R.S. Chapter 107, Section 11(6)

PAN, XIU Y
859 NUTMEG PL APT 21
RENO, NV 89502-4744
Beneficiary: Fannie Mae (Federal National Mortgage Association)
Loan number: ▓▓▓▓▓

The undersigned, as an authorized agent of Seterus, Inc., hereby represents and declares as follows:

[X] On 6 / 18 / 14 , Seterus, Inc. made contact with the borrower(s) pursuant to N.R.S. Chapter 107, Section 11(2) in order to assess the borrower's financial situation and explore options for the borrower to avoid a foreclosure sale.

[ ] No contact was made with the borrower(s) despite the due diligence efforts summarized below of the authorized agent pursuant to N.R.S. Chapter 107, Section 11(5).
   (a) Mailing a first-class letter to the borrower(s), informing the borrower of his or her rights to discuss foreclosure prevention alternatives and providing the toll-free telephone number to find a housing counseling agency;
   (b) [ ] Attempting to contact the borrower(s) by telephone at the primary telephone number on file at least three times at different hours and on different days OR [ ] determining that the primary and secondary phone numbers on file were disconnected OR [ ] no contact was made pursuant to the cease and desist letter that was received ____ / ____ / ____ ; and
   (c) Having received no response from the borrower(s) for 14 days after the telephone contact efforts were completed, sending an additional letter to the borrower(s) via certified mail, with return receipt requested.

[ ] No contact was required by the mortgage servicer because the individual did not meet the definition of "borrower" pursuant to N.R.S. Chapter 107, Section 3. The borrower has surrendered the secured property as evidenced either by a letter confirming the surrender or by delivery of the keys to the property to the mortgagee, trustee, beneficiary, or authorized agent.

[ ] The requirements set forth in N.R.S. Chapter 107, Section 11 do not apply because loan number ▓▓▓▓▓ is not a "residential mortgage loan" as defined by N.R.S. Chapter 107, Section 7. (A residential mortgage loan, as defined by N.R.S. Chapter 107, Section 7, is a loan primarily for personal, family, or household use and that is secured by a mortgage or deed of trust on owner-occupied housing as defined in N.R.S. 107.086.)

I certify that this declaration is accurate, complete, and supported by competent and reliable evidence that the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

By: _Kelsey Storsved_          Dated: _7/9/2014_

Name: _Kelsey Storsved_

F071B

20140710

# AFFIDAVIT OF AUTHORITY TO
# EXERCISE THE POWER OF SALE

Borrower(s) Identified in Deed of Trust:
XIU Y PAN

Trustee Address:
QUALITY LOAN SERVICE
CORPORATION
2763 Camino Del Rio South
San Diego, CA 92108

Property Address:
859 NUTMEG PL APT 21
RENO, NV 89502-4744

Deed of Trust Document Instrument No.:
Instrument No. 3671581

STATE OF __TEXAS_____ )
                               )  ss:
COUNTY OF __DENTON_____ )

The affiant, __Talya Harris_____, a(n) __Document Execution Associate__, of
**Nationstar Mortgage LLC, d/b/a Mr. Cooper ("Mr. Cooper")** being first duly
sworn upon oath and under penalty of perjury, based on personal knowledge following a
review of (1) business records kept in the regular course of business (2) information
contained in the records of the county recorder, and (3) the title guaranty or title insurance
issued by a title insurer or title agent authorized to do business in Nevada, as required by
Section 107.0805 of the Nevada Revised Statutes, attests that:

      1.    I am an authorized representative of the beneficiary, trustee, or servicer of
the deed of trust described in the notice of default and election to sell.

      2.    I have personal knowledge of the facts in this affidavit based upon a review
of **Mr. Cooper's** business records, and the information in this affidavit is taken from **Mr.
Cooper's** business records. I have personal knowledge of **Mr. Cooper** procedures for
creating the records maintained by **Mr. Cooper** in connection with the loan. They are: (a)
made at or near the time of the occurrence of the matters recorded by persons with
personal knowledge of the information in the business record, or from information
transmitted by persons with personal knowledge; (b) made and kept in the usual and
ordinary course of **Mr. Cooper's** regularly conducted business activities; and (c) created
by **Mr. Cooper** as regular practice.

      3.    The full name and business address of the current trustee or the current
trustee's representative or assignee is:

| Full Name | Street, City, State, Zip |
|---|---|
| QUALITY LOAN SERVICE CORPORATION | 2763 Camino Del Rio South San Diego, CA 92108 |

APN: 020-485-12    -1-    File No.: NV-20-879622-AB

4.    The full name and business address of the current holder of the note secured by the Deed of Trust is:

| Full Name | Street, City, State, Zip |
|---|---|
| Nationstar Mortgage LLC d/b/a Mr. Cooper | Nationstar Mortgage LLC<br>8950 Cypress Waters Boulevard<br>Coppell, TX 75019 |

5.    The full name and business address of the current beneficiary of record of the Deed of Trust is:

| Full Name | Street, City, State, Zip |
|---|---|
| Nationstar Mortgage LLC d/b/a Mr. Cooper | Nationstar Mortgage LLC<br>8950 Cypress Waters Boulevard<br>Coppell, TX 75019 |

6.    The full name and business address of the current servicer of the obligation or debt secured by the Deed of Trust is:

| Full Name | Street, City, State, Zip |
|---|---|
| Nationstar Mortgage LLC | Nationstar Mortgage LLC<br>8950 Cypress Waters Boulevard<br>Coppell, TX 75019 |

7.    The full name of every prior assignee under each recorded assignment of the deed of trust, is:
///

///

///

APN: 020-485-12        -2-        File No.: NV-20-879622-AB

| Recorded Date | Recording Number | Name of Assignor | Name of Assignee |
|---|---|---|---|
| 12/16/2013 | 4308462 | Bank of America, N.A. | Federal National Mortgage Association |
| 4/10/2020 | 5018402 | Federal National Mortgage Association | Nationstar Mortgage LLC |

8.     The beneficiary, successor in interest of the beneficiary, or trustee of the deed of trust (a) has actual or constructive possession of the note secured by the deed of trust; or (b) is entitled to enforce the obligation or debt secured by the deed of trust.

9.     The beneficiary or its successor-in-interest or the servicer of the obligation or debt secured by the deed of trust has instructed the trustee to exercise the power of sale with respect to the property.

10.     The beneficiary, its successor-in-interest, the trustee, the servicer of the obligation or debt secured by the deed of trust, or an attorney representing any of those persons, has sent to the obligor or borrower of the obligation or debt secured by the deed of trust a written statement containing the following information:

   a.  The amount in default;
   b.  The amount of payment required to make good the deficiency in performance or payment, avoid the exercise of the power of sale and reinstate the terms and conditions of the underlying obligation or debt existing before the deficiency in performance or payment, as of the date of the statement;
   c.  A good faith estimate of all fees imposed in connection with the exercise of power of sale;
   d.  The principal amount of the obligation or debt secured by the deed of trust;
   e.  The amount of accrued interest and late charges;
   f.  Contact information for obtaining the most current amounts due and the local or toll-free telephone number described in subparagraph (11) below.

11.     The borrower or obligor may utilize the following toll-free or local telephone number to obtain the most current amounts due and receive a recitation of the information contained in this Affidavit: (888) 480-2432.

APN: 020-485-12        -3-        File No.: NV-20-879622-AB

The following is the true and correct signature of the affiant:

Printed Name:     Talya Harris

Title:     Document Execution Associate

Date     6/05/2023

STATE OF:    TEXAS      )

COUNTY OF:   DENTON    )

     Sworn to and subscribed before me on the __05__ day of ____June____, 20_23_ by _____ Talya Harris _____ .

(NOTARY SEAL)

Signature of Notary Public

FELECEE DAVIS
Notary Public, State of Texas
Comm. Expires 08-05-2023
Notary ID 130321982

APN: 020-485-12     -4-     File No.: NV-20-879622-AB



**HOME MEANS NEVADA, INC.**
*A Non-Profit Entity Established by the*
*State of Nevada, Department of Business and Industry*

Board of Directors
*President* — Shannon Chambers
*Vice-President* — Perry Faigin
*Member at-large* — Robin Sweet
*Member at-large* — Verise Campbell
*Member at-large* — Jennifer Yim

## STATE OF NEVADA FORECLOSURE MEDIATION PROGRAM NOTICE

Homeowner First Name <u>XIU</u>
Co-owner First Name <u>KYLE</u>
Property Street Address <u>859 NUTMEG PL APT 21</u>
Property City <u>RENO</u> State <u>NV</u> Zip Code <u>89502-4744</u>

Homeowner Last Name <u>PAN</u>
Co-owner Last Name <u>KRCH</u>

Loan No.: ███2635
APN 020-485-12
TS # <u>NV-20-879622-AB</u>
County <u>WASHOE</u>

**ATTENTION: YOU MUST ACT WITHIN THIRTY (30) DAYS. IF NO ACTION IS TAKEN, THE FORECLOSURE MAY CONTINUE.** You have been served with a copy of a Notice of Default and Election to Sell, which could result in the loss of your home. The State of Nevada Foreclosure Mediation Program provides an opportunity for homeowners, whose owner-occupied, primary residence is subject to foreclosure, to Petition the District Court to have a mediator appointed to meet with you and the lender or lender's representative to determine whether an agreement can be reached to cure any defaults in the loan or modify the terms of the loan. It is recommended that you consult an attorney concerning your rights and responsibilities.

You are eligible to participate in this program if all items below apply:

1. **A Notice of Default has been filed on your residential property in the past 30 days.**
2. If this property is your **primary owner-occupied residential property** and not a vacation, 2nd home, rental or other property where the homeowner does not live.
3. If you have not filed a bankruptcy proceeding under chapter 7, 11, 12, or 13 of Title 11 of the United States Code.

To exercise your rights under the State of Nevada Foreclosure Mediation Program you must: (1) file a Petition with the District Court; (2) pay a $25 filing fee, serve a copy of the Petition on the beneficiary of the deed, Home Means Nevada Inc. and the trustee by certified mail, or electronic transmission if authorized; and (3) pay to the District Court the appropriate fees.

You may waive your rights to mediation provided pursuant to NRS 107.086. To waive your rights to mediation, complete the attached form and mail it to the trustee and Home Means Nevada, Inc.

**This is your only opportunity to participate in the State of Nevada Foreclosure Mediation Program**. If you have any questions, please contact Home Means Nevada, Inc. at 3300 W. Sahara Avenue, Suite 480, Las Vegas, Nevada 89102. By phone: 702-7897349 or by email at <u>info@homemnv.org</u>.

**\*Please be of notice Home Means Nevada cannot provide legal advice and if you need legal counsel you should seek legal counsel. Attached are resources for HUD Approved Counseling and/or legal services.**



**HOME MEANS NEVADA, INC.**
*A Non-Profit Entity Established by the*
*State of Nevada, Department of Business and Industry*

**Board of Directors**

*President* – Shannon Chambers
*Vice-President* – Perry Faigin
*Member at-large* – Robin Sweet
*Member at-large* – Verise Campbell
*Member at-large* – Jennifer Yim

## Foreclosure Mediation Resources

**The Nevada Foreclosure Mediation Program has partnered with many Agencies and Non-Profit Organizations to provide free resources, education, and help.**

**Community Services of Nevada:**
http://www.csnv.org
702-307-1710
570 West Cheyenne Avenue #200
North Las Vegas, Nevada 89030

**Financial Guidance Center:**
http://www.FinancialGuidanceCenter.org
**Las Vegas:**
702-364-0344
800-451-4505
2650 S. Jones Blvd.
La Vegas, NV 89146-0000
**Reno:**
775-337-6363
800-451-4505
3100 Mill Street #111

**Home Again Nevada:**
http://www.homeagainnevada.gov/
855-457-1638

**Legal Aid Center of Southern Nevada:**
http://www.lacsn.org/
702-386-1070
725 E. Charleston Blvd.
Las Vegas, NV 89104

**NACA (Nevada Hardest Hit Fund):**
https://nahac.org/
703-362-6199
888-320-6526
3016 W. Charleston Blvd., Suite 160
Las Vegas, Nevada 89102

**Nevada Law Help:**
https://NevadaLawHelp.org
775-753-5890
380 Court St., Suite D
Elko, NV 89801

**NEVADA LEGAL SERVICES, INC.**
https://nlslaw.net
**Las Vegas Office- Serves Clark, Nye, Lincoln White Pine, Esmeralda Counties**
702-386-0404
866-432-0404
500 S. Rancho, #3
Las Vegas, NV 89106
**Reno Office- Serves Washoe, Carson City, Douglas, Churchill, Eureka, Humboldt, Pershing, White Pine, Lander, Mineral, Elko, Storey, and Lyon Counties**
775-284-3491
800-323-8600
204 Marsh St., Ste. 101
Reno, NV 89509-1654

**Washoe County Dept. of Senior Services:**
https://www.washoecounty.us/seniorsrv/
775-328-2592
1155 E. 9th St.
Reno, NV 89512

**Washoe Legal Services 501(c)3:**
https://washoelegalservices.org
775-329-2727
299 S. Arlington Ave
Reno, Nevada 89501

**Women's Development Center:**
http://www.wdclv.org/
702-796-7770
4020 Pecos McLeod
Las Vegas, NV 8912



**HOME MEANS NEVADA, INC.**
*A Non-Profit Entity Established by the*
*State of Nevada, Department of Business and Industry*

**Board of Directors**

*President* – Shannon Chambers
*Vice-President* – Perry Faigin
*Member at-large* – Robin Sweet
*Member at-large* – Verise Campbell
*Member at-large* – Jennifer Yim

## STATE OF NEVADA FORECLOSURE MEDIATION PROGRAM WAIVER

Pursuant to Nevada Revised Statute 107.086, you may elect to waive your right to mediation under the Nevada State Foreclosure Mediation Program. If you choose to waive your rights, you must sign this form and return it to Home Means Nevada, Inc. and your trustee with the enclosed self-addressed envelope.

**Homeowner First Name** XIU      **Homeowner Last Name** PAN
**Co-owner First Name** KYLE      **Co-owner Last Name** KRCH
**Property Street Address** 859 NUTMEG PL APT 21
**Property City** RENO **State** NV **Zip Code** 89502-4744

**THE UNDERSIGNED HEREBY CERTIFY UNDER PENALTY OF PERJURY THAT I/WE ARE THE OWNER[S] OF THE REAL PROPERTY THAT IS SUBJECT OF THE PENDING FORECLOSURE AND OCCUPY THE REAL PROPERTY AS MY/OUR PRIMARY RESIDENCE. I/WE HEREBY CERTIFY THAT I/WE ELECT TO WAIVE MY/OUR RIGHTS UNDER THE FORECLOSURE MEDIATION PROGRAM AND DO NOT ELECT MEDIATION.**

**Signature of Property Owner** _____ **Date** _____

**Signature of Co-Owner** _____ **Date** _____

**Address:**
**Home Means Nevada, Inc.**
**3300 West Sahara Ave Suite 480**
**Las Vegas, NV 89102**
**(702) 486-8180**

STATE OF _____ )
                                 ) ss:
COUNTY OF _____ )

On this _____ day of _____, 20____, personally appeared before me, a Notary Public, in and for said County and State, _____, known to me to be the persons described in and who executed the foregoing instrument in the capacity set forth therein, who acknowledged to me that he/she executed the same freely and voluntarily and for the uses and purposes therein mentioned.

_____
NOTARY PUBLIC IN AND FOR SAID COUNTY AND STATE

If you do not elect to waive mediation and instead petition the district court to participate in mediation, Nevada law requires you to serve a copy of the petition, by certified mail, return receipt requested or, if authorized by the parties, by electronic transmission, upon the beneficiary of the deed of trust and Home Means Nevada, Inc., or its successor organization.

The following address can be used to send the notice to Home Means Nevada, Inc.:

Home Means Nevada, Inc.
3300 West Sahara Ave Suite 480
Las Vegas, NV 89102

The following address can be used to send the notice to the beneficiary:

8950 Cypress Waters Blvd.
Dallas, TX 75019.

## PETITION FOR FORECLOSURE MEDIATION ASSISTANCE FORM

Homeowner(s) Name(s): _____
Address: _____859 NUTMEG PL APT 21, RENO, NV 89502-4744_____
City: ___RENO,_____ Nevada Zip: ___89502-4744___
Phone: _____
Email: _____

## DISTRICT COURT
_____ COUNTY, NEVADA

| | |
|---|---|
| *(Homeowner name)* | CASE NO: |
| AND | DEPT.: |
| *(Additional homeowner names)* | |

## PETITION FOR FORECLOSURE MEDIATION ASSISTANCE

Petitioners hereby petition this Court, pursuant to the terms of Chapter 107 of the Nevada Revised Statutes, to grant them participation in the mediation program for homeowners facing foreclosure. Petitioners state as follows:

1. **Residence.** The home that is under foreclosure proceedings is in _____ County in the State of Nevada. Petitioner is the occupant and owner of this home.

2. **APN.** The assessor parcel number (APN) of the home is 020-485-12.

3. **Notice of Default.** The notice of default is attached to this petition. The notice was received within the last 30 days.

4. **Mediation Fee.** The required $250 mediation fee is submitted herewith.

Petitioners hereby request that this Court allow participation in the foreclosure mediation assistance program.

_____        _____
Date                                Date

_____        _____
Homeowner Signature                 Additional Homeowner Signature

_____        _____
Homeowner Printed Name              Additional Homeowner Printed Name

## <u>FIRST PETITIONER'S VERIFICATION</u>

STATE OF NEVADA        )
                                  )

COUNTY OF _____ )

       (*Homeowner's name*) _____being first duly sworn under penalty of perjury, deposes and says:

       I am the Petitioner herein, and I have read the foregoing Petition for Foreclosure Mediation Assistance and know the contents thereof; that the pleading is true to the best of my own knowledge.

                           _____

                                (*Homeowner's Signature*)

Signed and sworn to (or affirmed) before me on

(*date*) _____ by (*name*) _____

_____
Signature of notarial officer

STATE OF NEVADA        )
                                    )

COUNTY OF _____ )

On this _____ day of _____, 20_____, personally appeared before me, a Notary Public, (*homeowner's name*)_____ known or proved to me to be the person who executed the foregoing Petition for Foreclosure Mediation Assistance, and who acknowledged to me that he/she did so freely and voluntarily and for the uses and purposes herein stated.

## ADDITIONAL PETITIONER'S VERIFICATION

STATE OF NEVADA          )

                                )

COUNTY OF _____)

      *(Additional homeowner's name)* _____being first duly sworn under penalty of perjury, deposes and says:

        I am the Petitioner herein, and I have read the foregoing Petition for Foreclosure Mediation Assistance and know the contents thereof; that the pleading is true to the best of my own knowledge.

                                      _____
                                      *(Additional homeowner's Signature)*

Signed and sworn to (or affirmed) before me on

*(date)* _____ by *(name)* _____

_____

Signature of notarial officer

STATE OF NEVADA          )

                                )

COUNTY OF _____)

On this _____ day of _____, 20_____, personally appeared before me, a Notary Public, *(Additional homeowner's name)*_____ known or proved to me to be the person who executed the foregoing Petition for Foreclosure Mediation Assistance, and who acknowledged to me that he/she did so freely and voluntarily and for the uses and purposes herein stated.

## CERTIFICATE OF SERVICE

I,_____, hereby certify that on this date _____, I mailed copies of the foregoing **"PETITION FOR FORECLOSURE MEDIATION ASSISTANCE"** certified mail, return receipt requested, to the following parties at the addresses shown below:

**Trustee**

_____

_____

_____

_____

**Beneficiary**

_____

_____

_____

_____

Home Means Nevada
3300 West Sahara Avenue, Suite 480
Las Vegas, Nevada 89102

**Other party of interest**

_____

_____

_____

_____

Signed: _____

F I L E D
Electronically
CV23-01789
2023-10-06 04:00:44 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9928831 : csulezic

# Exhibit 4

# LAW OFFICES OF MARK WRAY

Mark Wray
*Licensed in Nevada and California*
mwray@markwraylaw.com

608 Lander Street
Reno, Nevada 89509

Telephone:  775 348-8877
Fax:  775 348-8351
www.markwraylaw.com

September 4, 2023

**VIA FAX (972) 459-1611**

**VIA FAX (972) 315-8637**

**VIA EMAIL** customerrelationsofficer@mrcooper.com

**VIA EMAIL** researchincoming@mrcooper.com

Mr. Cooper
8950 Cypress Waters Blvd.
Dallas, TX 75019

> **RE:**   Loan Number: ████2635
> Property Owner:  Kyle Krch

Dear Mr. Cooper:

My most recent phone call with your office was this past Friday, September 1, 2023.

I have placed a half dozen phone calls and sent several emails and fax letters to you since June, 2023.  I am seeking a response to my questions regarding the pending foreclosure of 859 Nutmeg Place, Apt. 21, Reno, Nevada 895092.  The notice of default was recorded June 14, 2023 by Quality Loan Service Corporation on behalf of the new note holder, Nationstar Mortgage.

My client is Kyle Krch.  He is the owner of 859 Nutmeg Place, Apt. 21. On July 24, 2023, I emailed an authorization signed by Mr. Krch directing you to deal directly with me as counsel for Mr. Krch.  A copy is attached.  On August 22, 2023, I spoke with your customer service representative and discovered that there was no record of receiving the authorization, so I sent it again.

On August 23, 2023 Mr. Cooper emailed me a letter stating Mr. Cooper would not accept the authorization digitally signed by my client and providing me with a 3rd Party Authorization form to be completed and signed by my client.

Again, my client Mr. Krch is the owner of 859 Nutmeg Place, Apt. 21.  However, he is not the original borrower on the note and deed of trust to Bank of America that were assigned to Fannie Mae and then assigned to Nationstar. The original borrower was Xiu Y. Pan.

Mr. Cooper
September 4, 2023
Page Two

859 Nutmeg Apt. 21 is in a complex with a homeowners' association.  Mr. Pan did not pay his homeowner association dues.  The HOA conducted a foreclosure sale.  Mr. Krch was the winning bidder.  Mr. Krch purchased 859 Nutmeg, Apt. 21 at the HOA foreclosure sale on April 24, 2015.

After purchasing 859 Nutmeg Apt. 21 at the foreclosure sale, Mr. Krch was not asked by Fannie Mae or Nationstar to make any note payments.

Mr. Krch does not know and has never known the amount of note payments claimed to be owed to Nationstar.

As the current owner of 859 Nutmeg, Apt. 21, Mr. Krch did receive certified mail notices in June 2023 that Quality Loan Service Corporation was commencing a foreclosure proceeding on 859 Nutmeg, Apt. 21 on behalf of Nationstar Mortgage.  But the notices he received do not state the amount allegedly owed to Nationstar, as required by Nevada Revised Statutes.

When I was made aware of the foreclosure notice that Mr. Krch had received, I contacted the phone number provided in the notices -- (888) 480-2432 – to find out what the cure amount allegedly was.  I was told by Mr. Cooper that no information could be supplied to me without authorization from the borrower.  I explained to the Mr. Cooper representative on the phone with me that my client is the current owner of the property, not the borrower, but that I would supply the requested authorization from my client.

After Mr. Cooper rejected the original authorization and supplied me the 3rd Party Authorization form on August 23rd, I completed the form and Mr. Krch signed it (by hand). I emailed the form with my client's signature to Mr. Cooper the same day, August 23rd.  A copy is attached.

A week passed with no response to the requests for information I had made.

I called Mr. Cooper again on September 1, 2023.

Bear in mind that the 3-month foreclosure period has been running as I have attempted to obtain information from Mr. Cooper.  There are now approximately 10 days left in the 3-month period.

In the September 1st phone call, Christina of the Houston office of Mr. Cooper told me that she could not provide me any information because I did not have an authorization signed by the borrower.  I explained very carefully to Christina that the borrower, Mr. Pan, was out of the picture a decade ago and that my client is the current

Mr. Cooper
September 4, 2023
Page Three

owner of the property.  I explained to her that Mr. Krch had received certified mailings from Quality Loan Service Corporation notifying him of the foreclosure sale, because he is the owner whose property Nationstar is trying to foreclose upon.  I told her that no one is going to supply her with an authorization signed by Mr. Pan because Mr. Pan does not own the property.  When Christina repeated to me that she could not provide me with any information without authorization from the borrower, I asked if she would transfer my call to a manager or supervisor and if I could speak to the legal department. The response was negative.  I did not speak to her supervisor or anyone in the legal department and was simply told, repeatedly, that I did not have authorization signed by the borrower and no information could be supplied to me.

Christina informed me, as had her predecessors in my multiple prior calls, that our call was being recorded for purposes of quality.  The quality of our connection was excellent.  I confirmed that with her.  I pointed out that having a recording was important and I asked her to ensure that the recording of our call be preserved as evidence in the event of litigation or that she tell someone in charge to make sure it is preserved.

Therefore, my communications with Christina, and my prior phone calls that were also recorded by Mr. Cooper, should each be available as evidence to confirm and corroborate the information in this letter.  There exists independent proof, in the form of recorded phone calls, that everything I am communicating in this letter was communicated, multiple times, to Mr. Cooper's representatives in Texas or at whatever other offices answer the phone at (888) 480-2432.

Respectfully, refusing to provide me with information about this foreclosure because I do not have authorization from the borrower is ridiculous.  Mr. Krch is the owner of the property, he is the person whose property is being foreclosed upon by Quality Loan Servicing Corporation, and he has the certified mail notices of the foreclosure to prove it.  He has every right to this information, and I have every right to it as his attorney with written authorization from my client.

I need to know what the cure amount is.  I need to know how much Nationstar claims is owed.  I need to know how that amount is computed.  In the federal court interpleader action that was filed by the HOA concerning the disposition of the excess proceeds of the foreclosure sale when Mr. Krch purchased 859 Nutmeg, Apr. 21, there was a court order directing that the surplus proceeds be paid to Fannie Mae.  I need to see if those excess proceeds were applied by Fannie Mae against the loan balance.  It does not appear that any surplus was in fact applied against the loan balance, based on my reading of the foreclosure notice.

Mr. Cooper
September 4, 2023
Page 4


Because the 3-moth foreclosure period is drawing rapidly to a close, it is now urgent that I speak with a person who represents Mr. Cooper or Quality Loan Servicing Corporation or Nationstar Mortgage, or all three of them, about this foreclosure. Upon receipt of this letter, please have the legal department or a person with authority contact me immediately.

Sincerely,

MARK WRAY

Encl. – Authorizations



**3rd Party Authorization Form**

Please complete the information below, then sign and return via fax to **972-459-1611**, or email at
ResearchIncoming@mrcooper.com.

Today's Date: _8/23/2023_    Loan Number: ▆▆▆▆2635

*Property Owner's*
~~Borrower(s) Name~~ (Please Print):   _Kyle Krch_

Property Address:   _859 Nutmeg Place #21_
                    _Reno, NV  89502_

                                                        *foreclosure*
I/We authorize Mr. Cooper to provide the following information regarding the above-referenced ~~loan~~
to the Authorized Party listed below:              *the foreclosure*

        _X_ Access to discuss all information regarding ~~any loan~~

This authorization is valid until revoked by the undersigned or when the loan is paid in full.

Name of Authorized Party(s) and Company Name (if applicable), address and telephone number -
please print clearly:

_Mark Wray, Esq., Law Offices of_
_Mark Wray, 608 Lander St, Reno NV_
_89509 (775)348-8877 mwray@markwraylaw.com_

_____        _____
~~Borrower~~ Signature                         Borrower Signature
*Owner*

# LAW OFFICES OF MARK WRAY

Mark Wray
*Licensed in Nevada and California*
mwray@markwraylaw.com

608 Lander Street
Reno, Nevada 89509

Telephone: 775 348-8877
Fax: 775 348-8351
www.markwraylaw.com

August 22, 2023

***VIA FAX (972) 459-1611***

Mr. Cooper
8950 Cypress Waters Blvd.
Dallas, TX 75019

     **RE:**   Loan Number: ██████2635

Dear Mr. Cooper:

     Attached is an authorization letter I emailed to you on July 24, 2023 asking for the appropriate person to contact me about the foreclosure under Loan No. ██████2635 and the Notice of Default recorded June 14, 2023 by Quality Loan Service Corporation on 859 Nutmeg Place, Apt. 21, Reno, Nevada 89502.

     I did not receive a response to my letter, so I called today, and was told by the lady at (888) 480-2432 that she does not show my emailed letter was received by you. So I emailed the letter again as we were speaking. She said that has no idea if my email today was received, either. But she gave me a fax number. I am now faxing the same July 24th authorization letter.

     Please read my authorization letter. It briefly explains that the foreclosure notice on the 859 Nutmeg Place property is in error. The owner of the property is my client, Kyle Krch, not Xiu Y. Pan, as shown in the foreclosure notice. Mr. or Ms Pan was foreclosed out of the property 15 years ago. Your assignee is Fannie Mae. In the federal court action concerning this property, money was paid to Fannie Mae which apparently was not applied to the indebtedness, as best I can tell from the foreclosure notice. If I were able to communicate with someone who has responsibility for this foreclosure, I could clear up this matter without the necessity of another lawsuit.

     I look forward to hearing from the appropriate person as soon as you receive this letter.

Regards,

MARK WRAY

# LAW OFFICES OF MARK WRAY

| Mark Wray<br>*Licensed in Nevada and California*<br>mwray@markwraylaw.com | 608 Lander Street<br>Reno, Nevada 89509 | Telephone: 775 348-8877<br>Fax: 775 348-8351<br>www.markwraylaw.com |

July 24, 2023

***VIA EMAIL*** *researchincoming@mrcooper.com*

Mr. Cooper
8950 Cypress Waters Blvd.
Dallas, TX 75019

       **RE:**    Loan Number: ████2635

Dear Mr. Cooper:

    I called today regarding Loan No. ████2635 and the Notice of Default recorded June 14, 2023 by Quality Loan Service Corporation on 859 Nutmeg Place, Apt. 21, Reno, Nevada 89502.

    I am the attorney for Kyle Krch, the current owner of 859 Nutmeg Place, Apt. 21. He has asked me to represent him with respect to the Notice of Default and in dealing with Quality Loan Service/Mr. Cooper/Nationstar Mortgage. I am familiar with this property because I represented Mr. Krch in a U.S. District Court action concerning disposition of the proceeds of the sale of the property after Mr. Krch purchased it at a foreclosure sale. I respectfully believe that the information supplied by Fannie Mae to Nationstar relating to the property is inaccurate, and would like to discuss this with the appropriate person at Mr. Cooper so that all interested parties have the correct information before proceeding further.

    By this letter, Mr. Krch authorizes and directs that you may deal with me as to all matters concerning the property, the foreclosure, and Loan No. 065972635.

                    Regards,

                    MARK WRAY

    The undersigned, Kyle Krch, authorizes and directs Mr. Cooper/Quality Loan Service/Nationstar Mortgage to communicate with Mark Wray, Esq. on all matters relating to 859 Nutmeg Pace, Apt. 21, the foreclosure on same and Loan No. 065972635.

                    KYLE KRCH

# Send Result Report

MFP



TASKalfa 4053ci

Firmware Version 2V8_S000.002.451 2022.03.31

RFB0404493
08/22/2023 15:58
[2V8_1000.002.201] [2ND_1100.001.007]

Job No.: 011539          Total Time: 0°00'59"          Page: 002

# Complete

Document:          doc0115392023082215646

---

### LAW OFFICES OF MARK WRAY

Mark Wray
*Licensed in Nevada and California*
mwray@markwraylaw.com

608 Lander Street
Reno, Nevada 69509

Telephone: 775 348-8877
Fax: 775 348-8851
www.markwraylaw.com

August 22, 2023

*VIA FAX (972) 459-1611*

Mr. Cooper
8950 Cypress Waters Blvd.
Dallas, TX 75019

RE:  Loan Number: ████ 2835

Dear Mr. Cooper:

Attached is an authorization letter I emailed to you on July 24, 2023 asking for the appropriate person to contact me about the foreclosure under Loan No. ████ 2835 and the Notice of Default recorded June 14, 2023 by Quality Loan Service Corporation on 869 Nutmeg Place, Apt. 21, Reno, Nevada 89502.

I did not receive a response to my letter, so I called today, and was told by the lady at (888) 480-2432 that she does not show my emailed letter was received by you. So I emailed the letter again as we were speaking. She said that has no idea if my email today was received, either. But she gave me a fax number. I am now faxing the same July 24th authorization letter.

Please read my authorization letter. It briefly explains that the foreclosure notice on the 859 Nutmeg Place property is in error. The owner of the property is my client, Kyle Krch, not Xiu Y. Pan, as shown in the foreclosure notice. Mr. or Ms Pan was foreclosed out of the property 15 years ago. Your assignee is Fannie Mae. In the federal court action concerning this property, money was paid to Fannie Mae which apparently was not applied to the indebtedness, as best I can tell from the foreclosure notice. If I were able to communicate with someone who has responsibility for this foreclosure, I could clear up this matter without the necessity of another lawsuit.

I look forward to hearing from the appropriate person as soon as you receive this letter.

Regards,

MARK WRAY

---

| No. | Date/Time | Destination | | Times | Type | Result | Resolution/ECM |
|-----|-----------|-------------|---|-------|------|--------|----------------|
| 001 | 08/22/23 15:57 | 19724591611 | | 0°00'59" FAX | | OK | 200x100 Normal/Off |

# Send Result Report

MFP

TASKalfa 4053ci

RFB0404493
09/04/2023 15:51
[2V8_1000.002.201] [2ND_1100.001.007]

Firmware Version  2V8_S000.002.451 2022.03.31

Job No.: 011693          Total Time: 0°03'20"          Page: 008

# Complete

Document:          doc0116932023090415476

---

## LAW OFFICES OF MARK WRAY

| Mark Wray | 608 Lander Street | Telephone: 775 348-8577 |
| Licensed in Nevada and California | Reno, Nevada 89509 | Fax: 775 348-8551 |
| mwray@markwraylaw.com | | www.markwraylaw.com |

September 4, 2023

*VIA FAX (972) 459-1611*

*VIA FAX (972) 315-8637*

*VIA EMAIL customerrelationsofficer@mrcooper.com*

*VIA EMAIL researchincoming@mrcooper.com*

Mr. Cooper
8950 Cypress Waters Blvd.
Dallas, TX 75019

RE:   Loan Number: ███████635
       Property Owner: Kyle Krch

Dear Mr. Cooper:

My most recent phone call with your office was this past Friday, September 1, 2023.

I have placed a half dozen phone calls and sent several emails and fax letters to you since June, 2023. I am seeking a response to my questions regarding the pending foreclosure of 859 Nutmeg Place, Apt. 21, Reno, Nevada 895092. The notice of default was recorded June 14, 2023 by Quality Loan Service Corporation on behalf of the new note holder, Nationstar Mortgage.

My client is Kyle Krch. He is the owner of 859 Nutmeg Place, Apt. 21. On July 24, 2023, I emailed an authorization signed by Mr. Krch directing you to deal directly with me as counsel for Mr. Krch. A copy is attached. On August 22, 2023, I spoke with your customer service representative and discovered that there was no record of receiving the authorization, so I sent it again.

On August 23, 2023 Mr. Cooper emailed me a letter stating Mr. Cooper would not accept the authorization digitally signed by my client and providing me with a 3rd Party Authorization form to be completed and signed by my client.

Again, my client Mr. Krch is the owner of 859 Nutmeg Place, Apt. 21. However, he is not the original borrower on the note and deed of trust to Bank of America that were assigned to Fannie Mae and then assigned to Nationstar. The original borrower was Xiu Y. Pan.

---

| No. | Date/Time | Destination | Times | Type | Result | Resolution/ECM |
|-----|-----------|-------------|-------|------|--------|----------------|
| 001 | 09/04/23 15:47 | 9724591611 | 0°03'20" | FAX | OK | 200x100 Normal/Off |

1

# Send Result Report

MFP

## TASKalfa 4053ci

RFB0404493
09/04/2023 15:56
Firmware Version  2V8_S000.002.451 2022.03.31                    [2V8_1000.002.201] [2ND_1100.001.007]

Job No.: 011694              Total Time: 0°03'44"              Page: 009

# Complete

Document:              doc0116942023090415145

---

### LAW OFFICES OF MARK WRAY

| Mark Wray<br>*Licensed in Nevada and California*<br>mwray@markwraylaw.com | 608 Lander Street<br>Reno, Nevada 89509 | Telephone: 775 348-8877<br>Fax:  775 348-8351<br>www.markwraylaw.com |
|---|---|---|

September 4, 2023

*VIA FAX (972) 459-1611*

*VIA FAX (972) 315-8637*

*VIA EMAIL customerrelationsofficer@mrcooper.com*

*VIA EMAIL researchincoming@mrcooper.com*

Mr. Cooper
8950 Cypress Waters Blvd.
Dallas, TX 75019

RE:  Loan Number: ████2635
     Property Owner:  Kyle Krch

Dear Mr. Cooper:

My most recent phone call with your office was this past Friday, September 1, 2023.

I have placed a half dozen phone calls and sent several emails and fax letters to you since June, 2023.  I am seeking a response to my questions regarding the pending foreclosure of 859 Nutmeg Place, Apt. 21, Reno, Nevada 895092.  The notice of default was recorded June 14, 2023 by Quality Loan Service Corporation on behalf of the new note holder, Nationstar Mortgage.

My client is Kyle Krch.  He is the owner of 859 Nutmeg Place, Apt. 21.  On July 24, 2023, I emailed an authorization signed by Mr. Krch directing you to deal directly with me as counsel for Mr. Krch.  A copy is attached.  On August 22, 2023, I spoke with your customer service representative and discovered that there was no record of receiving the authorization, so I sent it again.

On August 23, 2023 Mr. Cooper emailed me a letter stating Mr. Cooper would not accept the authorization digitally signed by my client and providing me with a 3rd Party Authorization form to be completed and signed by my client.

Again, my client Mr. Krch is the owner of 859 Nutmeg Place, Apt. 21.  However, he is not the original borrower on the note and deed of trust to Bank of America that were assigned to Fannie Mae and then assigned to Nationstar. The original borrower was Xiu Y. Pan.

---

| No. | Date/Time | Destination | Times | Type | Result | Resolution/ECM |
|---|---|---|---|---|---|---|
| 001 | 09/04/23 15:52 | 19723158637 | 0°03'44" | FAX | OK | 200x100 Normal/Off |

**Mark Wray**

| | |
|---|---|
| **From:** | Mark Wray |
| **Sent:** | Monday, July 24, 2023 4:34 PM |
| **To:** | researchincoming@mrcooper.com |
| **Subject:** | Loan Number: ███████2635, Current Ower Kyle Krch |
| **Attachments:** | 23-7-24 Wray ltr to Mr. Cooper.pdf |

Mr. Cooper,

Attached is my letter of authorization.  Please acknowledge receipt.

Thanks,

Mark Wray
Law Offices of Mark Wray
608 Lander Street
Reno, Nevada 89509
(775) 348-8877 off.
(775) 848-8877 cell
mwray@markwraylaw.com

**Mark Wray**

| | |
|---|---|
| **From:** | Mark Wray |
| **Sent:** | Tuesday, August 22, 2023 3:12 PM |
| **To:** | researchincoming@mrcooper.com |
| **Subject:** | FW: Loan Number: ████2635, Current Ower Kyle Krch |
| **Attachments:** | 23-7-24 Wray ltr to Mr. Cooper.pdf |

**From:** Mark Wray
**Sent:** Monday, July 24, 2023 4:34 PM
**To:** researchincoming@mrcooper.com
**Subject:** Loan Number: ████2635, Current Ower Kyle Krch

Mr. Cooper,

Attached is my letter of authorization.  Please acknowledge receipt.

Thanks,

Mark Wray
Law Offices of Mark Wray
608 Lander Street
Reno, Nevada 89509
(775) 348-8877 off.
(775) 848-8877 cell
mwray@markwraylaw.com

**Mark Wray**

| | |
|---|---|
| **From:** | Mark Wray |
| **Sent:** | Wednesday, August 23, 2023 2:12 PM |
| **To:** | customerrelationsofficer@mrcooper.com |
| **Cc:** | Holly Mitchell |
| **Subject:** | Loan # ██████2635; original borrower Xiu Y. Pan |
| **Attachments:** | 23-8-23 3rd Party Authorization.pdf; 23-8-22 Wray fax to Mr Cooper with attachment and fax confirmation.pdf |

Dear Customer Relations:

Attached are the 3rd Party Authorization and copies of my two letters to Mr. Cooper.

My client Kyle Krch is the owner of 859 Nutmeg Place, #21, here in Reno. He has been the owner since 2015. He is not the borrower on the mortgage loan. The original borrower was someone named Xiu Y. Pan back in 2008. Mr. Krch acquired ownership of the property in an HOA foreclosure sale in 2015. After that time, there was a federal court lawsuit over the proceeds of the foreclosure sale, in which I represented Mr. Krch.

Fannie Mae had the loan when the foreclosure sale in 2015 took place. Apparently, Fannie Mae subsequently assigned the loan to Nationstar. The foreclosure notices that I have seen refer to an original note for $68,000 as the debt due. There is no debt owed by my client. And no one at Mr. Cooper will advise what the amount of the claimed debt is.

I am attempting to find someone at Mr. Cooper to communicate with about this foreclosure and the fact that the notices are incorrect, but so far, I have been rebuffed. Each time I talk to the representative, which has been a total of 3 times now, I try to explain that Mr. Krch is not the borrower, and does not personally owe any money, but it is pointless because the representatives say I do not have authorization and I do not represent the borrower. Hopefully, the 3rd Party Authorization attached will finally get past that impediment and I will be able to speak with someone with authority.

If I need to, I will file a lawsuit for an injunction and damages on behalf of Mr. Krch because the foreclosure is unlawful. I have asked in both of my last two phone calls with Mr. Cooper's representatives to speak to the legal department, and I have been told there is no way for them to contact the legal department. I request once again that your legal department contact me.

Sincerely,

Mark Wray
Law Offices of Mark Wray
608 Lander Street
Reno, Nevada 89509
(775) 348-8877 off.
(775) 848-8877 cell
mwray@markwraylaw.com

**Mark Wray**

| | |
|---|---|
| **From:** | Mark Wray |
| **Sent:** | Friday, September 01, 2023 2:51 PM |
| **To:** | customerrelationsofficer@mrcooper.com |
| **Cc:** | Holly Mitchell |
| **Subject:** | FW: Loan #████2635; original borrower Xiu Y. Pan |
| **Attachments:** | 23-8-23 3rd Party Authorization.pdf; 23-8-22 Wray fax to Mr Cooper with attachment and fax confirmation.pdf |

Dear Customer Relations:

I have not received a response to the below email and attachments that I sent you August 23rd.

I would appreciate being placed in contact with the person at Mr. Cooper who has the ability to respond to my issues.  I thought that might be your legal department.  If not, please put me in touch with the persion who can address my requests.

Because there is a foreclosure proceeding pending and time is running out, I would appreciate a call and/or email upon your receipt of this email.

Sincerely,

Mark Wray
Law Offices of Mark Wray
608 Lander Street
Reno, Nevada 89509
(775) 348-8877 off.
(775) 848-8877 cell
mwray@markwraylaw.com


**From:** Mark Wray
**Sent:** Wednesday, August 23, 2023 2:12 PM
**To:** customerrelationsofficer@mrcooper.com
**Cc:** Holly Mitchell <hmitchell@markwraylaw.com>
**Subject:** Loan #████2635; original borrower Xiu Y. Pan

Dear Customer Relations:

Attached are the 3rd Party Authorization and copies of my two letters to Mr. Cooper.

My client Kyle Krch is the owner of 859 Nutmeg Place, #21, here in Reno.  He has been the owner since 2015.  He is not the borrower on the mortgage loan. The original borrower was someone named Xiu Y. Pan back in 2008.   Mr. Krch acquired ownership of the property in an HOA foreclosure sale in 2015.  After that

time, there was a federal court lawsuit over the proceeds of the foreclosure sale, in which I represented Mr. Krch.

Fannie Mae had the loan when the foreclosure sale in 2015 took place.  Apparently, Fannie Mae subsequently assigned the loan to Nationstar.  The foreclosure notices that I have seen refer to an original note for $68,000 as the debt due.  There is no debt owed by my client.  And no one at Mr. Cooper will advise what the amount of the claimed debt is.

I am attempting to find someone at Mr. Cooper to communicate with about this foreclosure and the fact that the notices are incorrect, but so far, I have been rebuffed.  Each time I talk to the representative, which has been a total of 3 times now, I try to explain that Mr. Krch is not the borrower, and does not personally owe any money, but it is pointless because the representatives say I do not have authorization and I do not represent the borrower.   Hopefully, the 3rd Party Authorization attached will finally get past that impediment and I will be able to speak with someone with authority.

If I need to, I will file a lawsuit for an injunction and damages on behalf of Mr. Krch because the foreclosure is unlawful.  I have asked in both of my last two phone calls with Mr. Cooper's representatives to speak to the legal department, and I have been told there is no way for them to contact the legal department.  I request once again that your legal department contact me.

Sincerely,

Mark Wray
Law Offices of Mark Wray
608 Lander Street
Reno, Nevada 89509
(775) 348-8877 off.
(775) 848-8877 cell
mwray@markwraylaw.com

## Mark Wray

| | |
|---|---|
| **From:** | Mark Wray |
| **Sent:** | Tuesday, September 05, 2023 4:40 PM |
| **To:** | customerrelationsofficer@mrcooper.com; researchincoming@mrcooper.com |
| **Cc:** | Holly Mitchell |
| **Subject:** | FW: Loan No. ███2635 - Demand for information |
| **Attachments:** | 23-9-4 Wray ltr to Mr. Cooper.pdf |

Hi,

Mr. Cooper's automated phone answering system computer bot at (888) 480-2432 keeps disconnecting me instead of putting my call through to a representative.  I have tried to call twice this afternoon about my attached letter.  I need a response.  Please contact me upon receipt of this email.

Thanks,

Mark Wray
Law Offices of Mark Wray
608 Lander Street
Reno, Nevada 89509
(775) 348-8877 off.
(775) 848-8877 cell
mwray@markwraylaw.com


**From:** Mark Wray
**Sent:** Monday, September 04, 2023 4:07 PM
**To:** customerrelationsofficer@mrcooper.com
**Cc:** researchincoming@mrcooper.com; Kyle K <kylek@pasiv8.com>
**Subject:** Loan No. ███2635 - Demand for information

Dear Mr. Cooper:

Attached is my faxed and emailed letter requesting your immediate response.

Sincerely,

Mark Wray
Law Offices of Mark Wray
608 Lander Street
Reno, Nevada 89509
(775) 348-8877 off.
(775) 848-8877 cell
mwray@markwraylaw.com

F I L E D
Electronically
CV23-01789
2023-10-06 04:00:44 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9928831 : csulezic

# Exhibit 5

APN No.: 020-485-12
Recording requested by:

When recorded mail to:
Quality Loan Service Corporation
2763 Camino Del Rio South
San Diego, CA 92108

---

TS No.: NV-20-879622-AB
Order No.: FIN-20000905

Space above this line for recorders use only

It is hereby affirmed that this document submitted for recording does not contain the social security number of any person or persons. (Per NRS 239B.030).

# NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 6/27/2008. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank and authorized to do business in this state, will be held by duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

**BENEFICIARY MAY ELECT TO BID LESS THAN THE TOTAL AMOUNT DUE.**

Trustor(s):      Xiu Y. Pan, an unmarried person
Recorded:       7/23/2008 as Instrument No. 3671581    of Official Records in the office of the
                Recorder of WASHOE County, Nevada;

Date of Sale:    10/20/2023 at 10:00 AM
Place of Sale:   At the Virginia Street Entrance to the Washoe County Courthouse, 75
                Court St, Reno, NV 89501
Amount of unpaid balance and other charges: $116,849.56
The purported property address is:       859 NUTMEG PL APT 21, RENO, NV 89502-4744

This property is sold as-is, lender is unable to validate the condition, defects or disclosure issues of said property and buyer waives the disclosure requirements under NRS 113.130 by purchasing at this sale and signing the receipt of sale. The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

If the sale is set aside for any reason, including if the Trustee is unable to convey title, the Purchaser at the sale shall be entitled only to a return of the monies paid to the Trustee. This shall be the Purchaser's

sole and exclusive remedy. The purchaser shall have no further recourse against the Trustor, the Trustee, the Beneficiary, the Beneficiary's Agent, or the Beneficiary's Attorney.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holder's rights against the real property only.

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
TS No.: NV-20-879622-AB

Date: 9-19-23

Quality Loan Service Corporation
2763 Camino Del Rio South
San Diego, CA 92108
619-645-7711 For NON SALE Information only
Sale Line: 800-280-2832
Or Login to: http://www.qualityloan.com
Reinstatement Line: (866) 645-7711 Ext 5318

Quality Loan Service Corporation, By: Yolanda Yancy, Assistant Secretary

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of: **California**

County of: **San Diego**

On ____SEP 1 9 2023____ before me, _____A. Pilgram_____ a notary public, personally appeared _____Yolanda Yancy_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

(Seal)

A. PILGRAM
Notary Public - California
San Diego County
Commission # 2357509
My Comm. Expires May 14, 2025

Signature _____A. Pilgram_____

A. Pilgram

# NOTICE TO TENANTS OF THE PROPERTY

*Foreclosure proceedings against this property have started, and a notice of sale of the property to the highest bidder has been issued.*

*You may either: (1) terminate your lease or rental agreement and move out; or (2) remain and possibly be subject to eviction proceedings under chapter 40 of the Nevada Revised Statutes. Any subtenants may also be subject to eviction proceedings.*

*Between now and the date of the sale, you may be evicted if you fail to pay rent or live up to your other obligations to the landlord.*

*After the date of the sale, you may be evicted if you fail to pay rent or live up to your other obligations to the successful bidder, in accordance with chapter 118A of the Nevada Revised Statutes.*

*Under the Nevada Revised Statutes eviction proceedings may begin against you after you have been given a notice to surrender.*

*If the property is sold and you pay rent by the week or another period of time that is shorter than 1 month, you should generally receive notice after not less than the number of days in that period of time.*

*If the property is sold and you pay rent by the month or any other period of time that is 1 month or longer, you should generally receive notice at least 60 days in advance.*

*Under Nevada Revised Statutes 40.280, notice must generally be served on you pursuant to chapter 40 of the Nevada Revised Statutes.*

*If the property is sold and a landlord, successful bidder or subsequent purchaser files an eviction action against you in court, you will be served with a summons and complaint and have the opportunity to respond. Eviction actions may result in temporary evictions, permanent evictions, the awarding of damages pursuant to Nevada Revised Statutes 40.360 or some combination of those results.*

*Under the Justice Court Rules of Civil Procedure:*
*(1) You will be given at least 10 days to answer a summons and complaint;*
*(2) If you do not file an answer, an order evicting you by default may be obtained against you;*
*(3) A hearing regarding a temporary eviction may be called as soon as 11 days after you are served with the summons and complaint; and*
*(4) A hearing regarding a permanent eviction may be called as soon as 20 days after you are served with the summons and complaint.*

F I L E D
Electronically
CV23-01789
2023-10-06 04:37:16 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9928927

**1935**

APN 020-485-12

MARK WRAY, #4425
LAW OFFICES OF MARK WRAY
608 Lander Street
Reno, Nevada 89509
(775) 348-8877
(775) 348-8351 fax
mwray@markwraylaw.com
Attorneys for Plaintiffs
KYLE KRCH and SANDRA KRCH, Trustees

SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

COUNTY OF WASHOE

| | |
|---|---|
| KYLE KRCH and SANDRA KRCH, Trustees, or Their Successors in Trust, Under the KRCH LIVING TRUST, Dated February 4, 2011, and Any Amendments Thereto, | Case No. CV23-01789 |
| | Dept. 3 |
| Plaintiffs, | **NOTICE OF PENDENCY OF ACTION** |
| v. | |
| NATIONSTAR MORTGAGE LLC, dba MR. COOPER, | |
| Defendant. | |

     NOTICE IS HEREBY GIVEN that the above-entitled action stating a real property claim as described in this notice was commenced on October 6, 2023 in the above-entitled Court by Plaintiffs Kyle Krch and Sandra Krch, Trustees, or Their

1

Successors in Trust, Under the Krch Living Trust, Dated February 4, 2011, and Any

Amendments Thereto against Defendant Nationstar Mortgage LLC, dba Mr. Cooper.

The action is now pending in the above-entitled Court.

The action affects title to specific real property, situated in Washoe County,

Nevada, whose address is 859 Nutmeg Place, #21, Reno, Nevada 89509, designated by

Assessor's Parcel Number 020-485-12, which is further identified by the legal

description:

PARCEL 1:
Unit 21 in Block C as shown on the Amended Plat of Summersnow
Condominiums, a Condominium, according to the Map thereof,
filed in the Office of the County Recorder of Washoe County,
State of Nevada, on August 2, 1979, as File No. 621100, and as
Tract Map No. 1872.

PARCEL 2:
Parking Space 21-C of Summersnow Condominiums, A
Condominium, according to the Map thereof, filed in the Office of
the County Recorder of Washoe County, State of Nevada, on August
2, 1979.

PARCEL 3:
An undivided 1/1189th interest in and to Unit 12, Block F as shown
on the Amended Plat of Summersnow Condominium, a
Condominium, according to the Map thereof filed in the Office of the
County Recorder of Washoe County, State of Nevada, on August 2,
1979.

PARCEL 4:
An undivided 1/1189th interest in and to the Common Area as shown
on the Amended Plat of Summersnow Condominiums, a
Condominium, according to the Map thereof, filed in the Office of
the County Recorder of Washoe County, State of Nevada, on August
2, 1979.

2

The object of the action is to remedy an unlawful attempted foreclosure on the foregoing described real property though Plaintiffs' claims for declaratory relief and injunction.

*The undersigned certifies that the foregoing document does not contain the Social Security number of any person.*

DATED: October 6, 2023   LAW OFFICES OF MARK WRAY

By _____
MARK WRAY
Attorneys for Plaintiffs
KYLE KRCH AND SANDRA KRCH,
TRUSTEES, OR THEIR SUCCESSORS IN
TRUST, UNDER THE KRCH LIVING
TRUST, DATED FEBRUARY 4, 2011, AND
ANY AMENDMENTS THERETO

## **ACKNOWLEDGMENT**

State of Nevada    )
             ) ss.
County of Washoe   )

On this ___6th___ day of October, 2023, before me, a notary public in and for said county and state, personally appeared Mark Wray, known to me or proved on the basis of satisfactory evidence to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same.

WITNESS my hand and official seal.

_____
NOTARY

HOLLY MITCHELL
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 03-81165-2 · Expires May 13, 2024

3

**4085**
MARK WRAY, #4425
LAW OFFICES OF MARK WRAY
608 Lander Street
Reno, Nevada 89509
(775) 348-8877
(775) 348-8351 fax
mwray@markwraylaw.com
Attorneys for Plaintiffs
KYLE KRCH and SANDRA KRCH, TRUSTEES,
OR THEIR SUCCESSORS IN TRUST, UNDER
THE KRCH LIVING TRUST, DATED FEBRUARY
4, 2011, AND ANY AMENDMENTS THERETO

SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

COUNTY OF WASHOE

| | |
|---|---|
| KYLE KRCH AND SANDRA KRCH, TRUSTEES, OR THEIR SUCCESSORS IN TRUST, UNDER THE KRCH LIVING TRUST, DATED FEBRUARY 4, 2011, AND ANY AMENDMENTS THERETO,<br><br>                              Plaintiffs,<br><br>        v.<br><br>NATIONSTAR MORTGAGE LLC, dba MR. COOPER, and DOES 1-10,<br><br>                              Defendants. | Case No. CV23-01789<br><br>Dept. 3 |

**SUMMONS**

THE STATE OF NEVADA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS: NOTICE! YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ THE INFORMATION BELOW.

1

TO THE DEFENDANTS: A civil Complaint has been filed by plaintiff against you.

1. If you wish to defend this lawsuit, you must within 21 days after the Summons is served on you, exclusive of the day of service, file with this Court a written pleading in response to this Complaint.

2. Unless you respond, your default will be entered upon application of the plaintiffs, and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or the relief requested in the Complaint.

3. If you wish to seek advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. You are required to serve your response upon plaintiff's attorney, whose address is:

Mark Wray
LAW OFFICES OF MARK WRAY
608 Lander Street
Reno, Nevada 89509
mwray@markwraylaw.com
(775) 348-8877

DATED this__9th__ day of October, 2023.


CLERK OF THE COURT
ALICIA LERUD


By__/s/ C. SULEZICH_____
        Deputy

2

F I L E D
Electronically
CV23-01789
2023-10-14 06:43:42 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9941502 : yviloria

**1270**

MARK WRAY, #4425

LAW OFFICES OF MARK WRAY

608 Lander Street

Reno, Nevada 89509

(775) 348-8877

(775) 348-8351 fax

mwray@markwraylaw.com

Attorneys for Plaintiffs

KYLE KRCH and SANDRA KRCH, TRUSTEES,

OR THEIR SUCCESSORS IN TRUST, UNDER

THE KRCH LIVING TRUST, DATED FEBRUARY

4, 2011, AND ANY AMENDMENTS THERETO

SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

COUNTY OF WASHOE

| | |
|---|---|
| KYLE KRCH AND SANDRA KRCH, TRUSTEES, OR THEIR SUCCESSORS IN TRUST, UNDER THE KRCH LIVING TRUST, DATED FEBRUARY 4, 2011, AND ANY AMENDMENTS THERETO, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC, dba MR. COOPER, and DOES 1-10, <br><br> Defendants. | Case No.  CV23-01789 <br><br> Dept. 3 <br><br> **EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Plaintiffs Kyle Krch and Sandra Krch, Trustees, or Their Successors in Trust,

Under the Krch Living Trust, Dated February 4, 2011, and Any Amendments Thereto, by

their counsel, moves pursuant to NRCP 65(b)(1) for a temporary restraining order and

preliminary injunction enjoining and restraining Defendant Nationstar Mortgage, LLC,

1

dba Mr. Cooper ("Nationstar"), its directors, officers, employees, agents, assignees, and anyone acting in concert with them, from exercising the power of sale under a deed of trust to sell 859 Nutmeg Place, #21, Reno, Nevada, at 10 a.m. October 20, 2023 at the Washoe County Courthouse, and further enjoining any attempted foreclosure sale of the Property without further Order of this Court.

This application is made pursuant to NRCP 65(b)(1) because Nationstar and its foreclosure company Quality Loan Services Corp. refuse to respond to Plaintiffs' requests to stop the sale and there is insufficient time for a motion for preliminary injunction to be heard on regular notice before the foreclosure sale of Plaintiffs' property on October 20, 2023.

This application is made on grounds that preventing an unlawful foreclosure sale on real property is a suitable case for injunctive relief and Plaintiffs are likely to succeed on the merits in that:

    (a)    the Notice of Default recorded by Nationstar on June 16, 2023 violates NRS 107.080(3) in that it does not describe the alleged deficiency in performance or payment, including, but not limited to, (a) the balance allegedly currently due on the note, (b) the interest rate, or (c) any information about the terms of the note that would allow Plaintiffs to compute how much might be claimed to be currently owed on the note;

    (b)    the Notice of Default violates NRS 107.080 in that it falsely states that installments of principal and interest that became due on the note secured by Nationstar's deed of trust from and after November 1, 2013

2

were not paid, which means that Nationstar has not credited the

payment of $13,298.40 that was made to Nationstar's predecessor in

interest, Fannie Mae, per U.S. District Judge Miranda Du's 2019 order

in a federal court case; and

(c)     Nationstar violated Plaintiffs' rights under NRS 107.080(2)(a)(2), NRS

107.080(3) and NRS 107.080(2)(d) to cure any alleged default and

thus prevent foreclosure, by refusing Plaintiffs' multiple oral and

written requests to reveal the amount allegedly owed to Nationstar, and

by refusing to provide any other information requested by Plaintiffs

that was necessary to cure the alleged default.

This application is based on the facts set forth in Plaintiffs' *Verified Complaint for Declaratory and Injunctive Relief* filed October 6, 2023, the applicable provisions of NRS 107.080, the following points and authorities, the attached declaration of counsel, including its certification as to efforts to notify the opposing party, the papers and pleadings on file herein and such further oral and documentary evidence as may be presented at any hearing of the application.

DATED: October 14, 2023          LAW OFFICES OF MARK WRAY

By _____

MARK WRAY

Attorney for Plaintiffs KYLE KRCH AND SANDRA KRCH, TRUSTEES, OR THEIR SUCCESSORS IN TRUST, UNDER THE KRCH LIVING TRUST, DATED FEBRUARY 4, 2011, AND ANY AMENDMENTS THERETO

3

MEMORANDUM OF POINTS AND AUTHORITIES

Introduction

Nationstar won't listen to facts and disregards the law of Nevada, so the only way to get Nationstar's attention is an order from this Honorable Court.  In six days, Nationstar intends to use Nevada foreclosure statutes – laws that Nationstar has not followed -- to take away Plaintiffs' property at an October 20th foreclosure sale. Nationstar has been put on notice that the scheduled foreclosure sale violates Nevada law, but Nationstar refuses to cancel the sale or even to respond.  Plaintiffs therefore request that this Honorable Court immediately issue a temporary restraining order to preserve the status quo until the hearing on Plaintiffs' request for a preliminary injunction.

Relevant Facts

Per Plaintiffs' verified Complaint, including exhibits, and the attached declaration of counsel, the pertinent facts are as follows:

A. Early Proceedings

In 2008, Xiu Y. Pan purchased a condo at 859 Nutmeg Place, Apt. 21 in Reno ("Property") with a loan secured by a deed of trust ("Deed of Trust") from Bank of America.  *Verified Complaint, ¶¶ 5-6.*  Five years later, Bank of America assigned the beneficial interest in the Deed of Trust to Federal National Mortgage Association ("Fannie Mae").  *Id., ¶ 7.*

Mr. or Ms. Pan defaulted on assessments to the Alpine Vista II Homeowners Association ("HOA") and on April 24, 2015, the HOA held a foreclosure sale.  *Id., ¶ 8.* Plaintiff Kyle Krch was the high bidder at $26,500.  *Id.*  After satisfying the amount

4

owed to the HOA for delinquent assessments, a surplus of $13,298.40 remained. The HOA filed an interpleader action in federal court to decide who was entitled to the surplus. On November 12, 2019, U.S. District Court Chief Judge Miranda M. Du ordered the surplus of $13,298.40 disbursed to Fannie Mae. *Id., ¶ 10.* Thereafter, Fannie Mae assigned the Deed of Trust to Defendant Nationstar, a Delaware limited liability company registered to do business in Nevada. *Id., ¶¶ 11, 3.*

B. <u>No Notice of Amount Claimed to be Owed</u>

Neither Fannie Mae nor Nationstar ever sent Kyle Krch or Plaintiffs an invoice, a statement of account or a demand for money claimed to be owed to either of them. *Id., ¶ 13.* Plaintiffs also did not have a copy of the loan papers between Mr. or Ms. Pan and Bank of America, including any promissory note. *Id., ¶ 14.* Thus, when Nationstar commenced foreclosure, Plaintiffs had no knowledge of the amount that Nationstar claimed to be owed. *Id., ¶ 15.*

C. <u>Nationstar's Unlawful Notice of Default</u>

Nationstar has Nevada litigation experience[1] so Nationstar knows the legal ropes here in Nevada. A power of sale under a deed of trust must not be exercised until all proper statutory procedures are followed. NRS 107.080(2). For starters, a notice of breach and election must be recorded in order to exercise a power of sale. NRS

---

[1] The court is requested to take judicial notice that per the Second Judicial District Court website, since 2010, Nationstar has been a party to 97 civil actions, 59 as a defendant and 38 as a plaintiff, in Washoe County. *See* www.washoecourts.com.

107.080(2)(b).  A copy of the recorded notice of default must be mailed by registered or certified mail _to the person who holds the title of record_.  NRS 107.080(3).

On January 31, 2023, Kyle Krch deeded the Property -- a two-bedroom, two-bath condo worth an estimated $200,000 -- to Plaintiffs.  _Id.,_ ¶¶ 18, 12, 20.  Thereafter, Nationstar knew that the "person who holds the title of record" was the Plaintiffs.  _Id.,_ ¶ 21, 34.  As proof, on June 16, 2023, Nationstar recorded a "Notice of Default and of Election to Cause Sale of Real Property Under Deed of Trust" ("Notice of Default"), which _Nationstar served on Plaintiffs via certified mail_.  _Id._  Thus, Nationstar knows that Plaintiffs are the Property owners and are entitled to proper statutory notices.

A notice of default "must describe the deficiency in performance or payment." _See_ NRS 107.080(3).  _Id.,_ ¶ 23.  Nationstar's Notice of Default did not comply.  _Id.,_ ¶ 24. It lacked a description of (a) the balance allegedly currently due on the note, (b) the interest rate, or (c) any information about the terms of the note that would allow Plaintiffs to compute how much might be claimed to be currently owed on the note.  _Id._

Furthermore, the Notice of Default was materially false.  The Notice stated that all installments of principal and interest that became due from and after November 1, 2013 were not paid.  _Id.,_ ¶¶ 25, 26.  This was false due to the payment of $13,298.40 to Fannie Mae per Judge Du's order in 2019 in the federal court case.  _Id._

C.  Plaintiffs Were Prevented from Curing the Default

Upon receiving the Notice of Default, Kyle Krch called Nationstar attempting to find out what the claimed default was.  _Id.,_ ¶ 33.  He got nowhere.  _Id.,_ ¶¶ 34, 35.  Mr. Krch turned to his undersigned counsel, who made multiple phone calls and sent both

6

emails and letters to Nationstar over the next several of months. *Id.,* ¶ 36, 37, 38 . Copies of all the written communications by counsel are in Ex. 4 to the Complaint).  Despite knowing that Plaintiffs are the Property owners, and thus knowing that Plaintiffs had the statutory right and opportunity to cure any alleged default, Nationstar refused to provide counsel any information on the debt. *Id.*, 42.  The frivolous excuse was that counsel "only" represents the owners of the Property being foreclosed upon, but does not represent the original borrower, Xiu Y. Pan. *Id.,* ¶ 41.  And because counsel does not represent Mr./Ms. Pan, Nationstar did not respond to requests to address the issue of lack of credit for the $13,298.40 payment ordered by Judge Du. *Id.,* ¶ 43.

Consequently, Plaintiffs could not exercise their statutory right during the 3-month cure period and thereby prevent foreclosure, a right granted to Plaintiffs under NRS 107.080.

Instead, on or about September 29, 2023, a Notice of Trustee's sale was posted on the door of the Property notifying Plaintiffs of an auction sale of their Property. *Id.,* ¶ 44. The sale is set for 10 a.m. on October 20, 2023 on the steps of the Washoe County Courthouse. *Id.*

Argument

Plaintiffs seek a temporary restraining order and preliminary injunction to prevent the wrongful foreclosure of their Property. *See Verified Complaint,* ¶ 4 and Prayer, ¶ 1.

A.   Statutory Grounds for Injunctive Relief

NRS 33.010 provides that an injunction may be granted:

7

1. When it shall appear . . . that the plaintiff is entitled to the relief demanded, and such relief or any part thereof consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually.

2. When it shall appear . . . that the commission or continuance of some act, during the litigation, would produce great or irreparable injury to the plaintiff.

3. When it shall appear, during the litigation, that the defendant is doing or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual.

*Dangberg Holdings Nev., L.L.C. v. Douglas Cty.*, 115 Nev 129, 142 n 2, 978 P2d 311, 319 (1999).

All three grounds for injunctive relief are applicable here.  First, the facts in the verified Complaint support a declaratory judgment that the foreclosure sale of Plaintiffs' Property would violate NRS 107.080 and therefore should be enjoined by this Honorable Court. Second, real property is unique[2], and thus, selling the Property that is the subject of this action during this litigation would produce great or irreparable injury to Plaintiffs. Third, the auction sale of Plaintiffs' Property would tend to render the judgment for declaratory relief ineffectual.  This is therefore a proper case for injunctive relief.

B.  <u>Showings to be Made for Injunctive Relief Are Satisfied</u>

A party seeking a preliminary injunction "must show '(1) a likelihood of success on the merits; and (2) a reasonable probability that the non-moving party's conduct, if allowed to continue, will cause irreparable harm . . . .'" *Univ. & Cmty. Coll. Sys. of Nev.*

8

*v. Nevadans for Sound Gov't*, 120 Nev. 712, 721, 100 P.3d 179, 187 (2004) (quoting

*S.O.C., Inc. v. Mirage Casino-Hotel*, 117 Nev. 403, 408, 23 P.3d 243, 246 (2001)).  "In

considering preliminary injunctions, courts also weigh the potential hardships to the

relative parties and others, and the public interest." *Univ. & Cmty. Coll. Sys. of Nev.*, 120

Nev. at 721, 100 P.3d at 187.

A temporary restraining order is to preserve the status quo where the applicant

clearly shows by specific facts in a verified complaint that it is suffering immediate and

irreparable loss, injury, or damages as a result of the other party's actions before the other

party can be heard in opposition. See NRCP 65(b); *Hamm v. Arrowcreek Homeowner's

Ass'n*, 124 Nev. 290, 297 n.15, 183 P.3d 895, 901 n.15 (2009).  Also, Plaintiffs' counsel

must certify in writing any efforts made to give notice and the reasons why it should not

be required.  *See* NRCP 65(b)(1).

(1)    Likelihood of Success on the Merits

The verified Complaint pleads a single count of declaratory relief under the

Uniform Declaratory Judgment Act ("Act")  codified in NRS Chapter 30, which grants

the district court the "power to declare rights, status and other legal relations whether or

not further relief is or could be claimed." NRS 30.030.  The four elements of a claim for

declaratory relief are identified in *Kress v. Corey*, 65 Nev. 1, 25-26, 189 P.2d 352, 364

(1948) as follows:

---

[2] "[R]eal property and its attributes are considered unique and loss of real property rights
generally results in irreparable harm . . ." *Dixon v. Thatcher*, 103 Nev 414, 416, 742 P2d

9

there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectable interest; and (4) the issue involved in the controversy must be ripe for judicial determination.

The four elements are satisfied, as pleaded at Paragraphs 46-48 of the verified Complaint.  A justiciable controversy exists in that Nationstar claims a right to foreclose on the Property on October 20, 2023, while Plaintiff contends there is no right to foreclose due to violations of NRS 107.080.  *Complaint*, ¶ 46.  The interests of Plaintiffs and Nationstar are adverse and Plaintiffs have a legally protectible interest in the Property, to wit, Plaintiffs have title. *Id.*, 47.  The issue is ripe for judicial determination, in that Nationstar has recorded and served the Notice of Trustee's Sale scheduling the auction sale of Plaintiffs' Property on Friday October 20 at 10 a.m.

Furthermore, Plaintiffs are likely to prevail on the merits, as pleaded in Paragraphs 13-44 of the verified Complaint.  NRS 107.080 protects property owners by notice and an opportunity to cure a default before a foreclosure sale can take place.  NRS 107.080(2)(a)(2) and NRS 107.080(3) provide that the amount due under a note secured by a deed of trust cannot be accelerated during the first 35 days after a notice of default and election to sell is recorded.  NRS 107.080(2)(d) provides that a foreclosure sale cannot occur until at least 3 months have elapsed since the notice of default and election to sell was recorded.  The notice of default procedure in NRS 107.080 enables a property

---

1029, 1030 (1987)

owner to cure an alleged default either within 35 days or alternatively within 3 months of recording of a notice of default, and thereby prevent a forfeiture and loss of the owners' property. Nationstar deprived Plaintiffs of these statutory rights. *Complaint,* ¶ 30. Plaintiffs never had a note with Nationstar from which Plaintiffs could calculate the amount allegedly due. *Id.,* ¶ 31. Plaintiffs did not receive any invoices or statements for installment payments from Nationstar from which Plaintiffs could ascertain the amount allegedly due. *Id.,* ¶ 32. The Notice of Default did not specify the amount claimed to be in default, as required by statute. *Id.,* ¶ Nationstar blocked diligent efforts by the Plaintiffs to obtain information about the claimed amount of the default to allow Plaintiffs to exercise their right to cure. *Id.,* ¶¶ 35-43. The Notice of Default also falsely claimed that no payments of principal or interest were made after 2013, when in fact a payment was made in 2019 per the order of Judge Du that reduced principal and/or interest. Plaintiffs therefore are likely to succeed on the merits.

(2)     Reasonable Probability of Irreparable Harm

There is a high probability of irreparable harm if a restraining order does not issue, because Nationstar will auction off Plaintiffs' real property, which is deemed by law to be unique. *Dixon v. Thatcher, supra.* The harm is therefore irreparable.

(3)     Balance of Hardships/Public Interest

The balance of hardships favors issuing injunctive relief. Plaintiffs would lose their Property, an extreme hardship; Nationstar would only "lose" a foreclosure sale in October versus a foreclosure sale the next month or so, which is no hardship at all.

11

The public interest is either a neutral factor or one that is unaffected by the outcome of this action.

(4)    Grounds Exist for a Temporary Restraining Order

The temporary restraining order is intended to preserve the status quo where immediate and irreparable loss, injury or damages will be suffered due to acts of the responding party before the other party can be heard in opposition. See NRCP 65(b); *Hamm v. Arrowcreek Homeowner's Ass'n*, 124 Nev. 290, 297 n.15, 183 P.3d 895, 901 n.15 (2009).  The situation is immediate.  An auction sale is taking place in six days as this is written.  The harm will be irreparable. Accordingly, the circumstances support issuance of a temporary restraining order to preserve the status quo.  *Direct Grading & Paving, Ltd. Liab. Co. v. Eighth Judicial Dist. Court of the State of Nev.*, 491 P3d 13, 17 (Nev. 2021) (temporary restraining order is intended to maintain the status quo by protecting a person's safety or preserving property).

(5)    Efforts to Give Notice

In his attached declaration, Plaintiffs' counsel has certified in writing the efforts made to give notice and the reasons why it should not be required.  *See* NRCP 65(b)(1); Wray Decl., attached.  Basically, Nationstar does not recognize the standing of Plaintiffs or their counsel to speak with Nationstar.  *See* Wray Decl., attached.  Thus, despite multiple requests, Nationstar will not allow Plaintiffs' counsel to communicate with Nationstar's undisclosed counsel.  *Id.*  Plaintiffs have both served the summons and complaint by hand delivery to the resident agent of Nationstar and also emailed the summons and complaint to Nationstar's customer relations and customer service emails,

12

as well as the email for Quality Loan Service Corp., which is conducting the sale. *Id.* No counsel for Nationstar has contacted Plaintiffs' counsel. Plaintiffs have notified Nationstar every way possible, without any , and issuance of the restraining order is appropriate.

Bond

A temporary restraining order takes effect upon the posting of security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." *See* NRCP 65(c). A temporary restraining order is temporary. If the Court does not issue a preliminary injunction within the next couple of weeks, the restraining order will dissolve. Nationstar can hold its foreclosure sale. The costs and damages incurred by a temporary restraint would be nominal. Accordingly, the bond should be nominal. It is respectfully requested that this Honorable Court set bond in the amount of $500.

Conclusion

Plaintiffs respectfully request a temporary restraining order, and thereafter, a preliminary injunction, enjoining and restraining Defendant Nationstar Mortgage, LLC, dba Mr. Cooper, its directors, officers, employees, agents, assignees, and anyone acting in concert with them, from exercising the power of sale under a deed of trust to sell 859 Nutmeg Place, #21, Reno, Nevada, at 10 a.m. October 20, 2023 at the Washoe County Courthouse, or at any continued foreclosure sale date,

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*The undersigned certifies that the foregoing document does not contain the Social Security number of any person.*

DATED: October 14, 2023        LAW OFFICES OF MARK WRAY

By _____

MARK WRAY

Attorneys for Plaintiffs KYLE KRCH AND SANDRA KRCH, TRUSTEES, OR THEIR SUCCESSORS IN TRUST, UNDER THE KRCH LIVING TRUST, DATED FEBRUARY 4, 2011, AND ANY AMENDMENTS THERETO

14

<u>DECLARATION OF MARK WRAY IN SUPPORT OF APPLICATION FOR</u>
<u>TEMPORARY RESTRAINING ORDER</u>

I, Mark Wray, declare:

1.      I am the attorney for Plaintiffs Kyle and Sandra Krch, Trustees, or Their Successors in Trust, under the Krch Living Trust, Dated February 4, 2011, and Any Amendments Thereto.

2.      This declaration is to certify the efforts made to provide notice of this application for temporary restraining order to Defendant Nationstar Mortgage LLC.

3.      The facts I state in this declaration are supported by copies of my emails and letters to Nationstar which are found in Exhibit 4 to my clients' verified Complaint.

4.      I do not know the name or contact information of the attorney for Nationstar, but it isn't from lack of trying.

5.      In June 2023 I was provided by my clients with envelopes containing notices of default recorded against my clients' property at 859 Nutmeg, Apt. 21 in Reno. A true copy of the notice from one of those envelopes is attached to the Complaint as Exhibit 3. The notice does not state the amount allegedly owed to Nationstar. The notice says that no payments have been made on the obligation secured by the deed of trust since 2013, although Judge Du's order in 2019 applied over $13,000 to the obligation.

6.      I contacted the phone number provided in the notices -- (888) 480-2432 – to find out what the cure amount allegedly was. I was told by Nationstar (whose office uses a strange dba called "Mr. Cooper") that no information could be supplied to me without authorization from the borrower. I explained to the "Mr. Cooper" representative

15

on the phone with me that my client is the current owner of the property, and that I would

supply the requested authorization from my client.

7. "Mr. Cooper" rejected my original authorization on the excuse that Mr.

Krch affixed his signature electronically. Following this rejection, "Mr. Cooper"

supplied me with a "3rd Party Authorization" form on August 23, 2023. I completed the

form and Mr. Krch signed it (by hand). I emailed the form with my client's signature to

"Mr. Cooper" the same day, August 23. *See* Ex. 4.

8. A week passed with no response to the requests for information I had made.

9. I called Mr. Cooper again on September 1, 2023. Bear in mind that the 3-

month foreclosure period had been running as I have attempted to obtain information

from "Mr. Cooper". I estimated there were now approximately 10 days left in the 3-

month period.

10. In the September 1st phone call, "Christina" of the Houston office of "Mr.

Cooper" told me that she could not provide me with any information because I did not

have an authorization signed by the borrower. I explained very carefully to Christina that

the borrower, "Mr. Pan", was out of the picture a decade ago and that my client is the

current owner of the property being foreclosed upon.

11. I explained to her that Mr. Krch had received certified mailings from

Nationstar notifying him of the foreclosure sale, because he is the owner whose property

Nationstar is trying to foreclose upon. I told her that no one is going to supply her with

an authorization signed by "Mr. Pan" because Mr. Pan does not own the property. When

Christina repeated to me that she could not provide me with any information without

authorization from the borrower, I asked if she would transfer my call to a manager or supervisor and if I could speak to the legal department. In fact, in several on my half dozen or so phone calls to Nationstar/Mr. Cooper, I had asked to speak to a supervisor and the legal department. This is confirmed in my written communications. The response was always negative. I was not allowed to speak to the supervisor for Christina or anyone in the legal department and was told, repeatedly, that I did not have authorization signed by the borrower and no information could be supplied to me.

12.     Christina informed me, as had her predecessors in my prior calls, that our call was being recorded for purposes of quality. The quality of our connection was excellent. I confirmed that with her. I pointed out that having a recording was important and I asked her to ensure that the recording of our call be preserved as evidence in the event of litigation or that she tell someone in charge to make sure it is preserved. I do not have those recordings yet but will obtain them in discovery.

13.     On September 4, 2023, I sent a letter to Nationstar which is part of Exhibit 4, and which includes copies of the authorizations and prior letters. In this letter, I told "Mr. Cooper" as I had before that I needed to know what the cure amount is. I needed to know how much Nationstar claims is owed. I needed to know how that amount is computed. As I had before, I told Nationstar about the federal interpleader action before Judge Du and the court order directing that the surplus proceeds be paid to Fannie Mae. I said I needed to see if those excess proceeds were applied by Fannie Mae against the loan balance, because from my reading, the surplus balance was not applied to reduce the amount claimed to be owed.

17

14.     I concluded my Sept. 4th letter: "Because the 3-mo[n]th foreclosure period is drawing rapidly to a close, it is now urgent that I speak with a person who represents Mr. Cooper or Quality Loan Servicing Corporation or Nationstar Mortgage, or all three of them, about this foreclosure. Upon receipt of this letter, please have the legal department or a person with authority contact me immediately."

15.     The only response was a letter telling me once again that I had no authorization from the borrower so I could not receive any information.

16.     This lawsuit was filed October 6th after a notice of sale was posted on the front door of my clients' property stating that the property will be sold October 20th at 10 a.m. on the Courthouse steps.  The day the lawsuit was filed, I emailed courtesy copies to Nationstar/Mr. Cooper at the only two email addresses I have for it, and I asked: "Please forward this email and attachments to your legal counsel as promptly as possible. Thanks in advance for your anticipated cooperation."

17.     Unfortunately, there has been only non-cooperation.  Nationstar has chosen not to talk with me, let alone tell me who its attorney is, because I am only an attorney for the property owner who is being foreclosed on.  The fact that I cannot contact Nationstar's counsel to advise of this application is no fault of mine or my clients.  In fact, this past week, I contacted the office of Quality Loan Service Corp. and gave that office all of the information I had given Nationstar, asking for Quality to talk to Nationstar so that I could avoid having to file this application for a temporary restraining order.  Quality's representative told me that is has an "internal" way of talking with Nationstar which would be utilized.  I also heard that *Quality's* attorneys are a firm called

18

McCarthy Holthus, but nobody from that firm has contacted me, either, nor anyone from any law firm representing Nationstar.

18.     I conclude after my efforts to communicate with Nationstar (please see emails and letters in Exhibit 4 to the verified Complaint) that it does not cooperate and that everything has to be done the hard way.  If Nationstar does not have notice of this application, it is Nationstar's fault.  I will email a copy of this application to the two email addresses I have for Nationstar, which is the best I can do under the circumstances. I respectfully submit that my clients and I have gone to all reasonable lengths to communicate with Nationstar, but *by Nationstar's choice*, we have not had success. I request that the Court issue the requested temporary restraining order without notice other than my emails of this motion to the two email addresses.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct and that this declaration is executed on October 14, 2023.

_____
MARK WRAY

19

F I L E D
Electronically
CV23-01789
2023-10-16 10:00:43 AM
Alicia L. Lerud
Clerk of the Court
Transaction # 9942289

1

**1650**

2
MARK WRAY, #4425

LAW OFFICES OF MARK WRAY

3
608 Lander Street

4
Reno, Nevada 89509

(775) 348-8877

5
(775) 348-8351 fax

6
mwray@markwraylaw.com

Attorneys for Plaintiffs

7
KYLE KRCH and SANDRA KRCH, TRUSTEES,

OR THEIR SUCCESSORS IN TRUST, UNDER

8
THE KRCH LIVING TRUST, DATED FEBRUARY

9
4, 2011, AND ANY AMENDMENTS THERETO

10
SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

11
COUNTY OF WASHOE

12

13

14
KYLE KRCH AND SANDRA KRCH, TRUSTEES, OR THEIR SUCCESSORS IN TRUST, UNDER THE KRCH LIVING TRUST, DATED FEBRUARY 4, 2011, AND ANY AMENDMENTS THERETO,

15

16

17

Case No.  CV23-01789

Dept. 3

**ERRATA TO EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

18
Plaintiffs,

19

20
v.

21
NATIONSTAR MORTGAGE LLC, dba MR. COOPER, and DOES 1-10,

22

23
Defendants.

24

25
     This Errata to Plaintiffs' *Ex Parte Motion for Temporary Restraining Order and*

26
*Preliminary Injunction* is to attach as Exhibit 1 to the motion the draft proposed

27
*Temporary Restraining Order.*  Attached hereto is Exhibit 1 to the motion.

28

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The undersigned hereby certifies that this document does not contain the Social Security number or personal identifying information of any person.

DATED: October 16, 2023      LAW OFFICES OF MARK WRAY

By _____
   MARK WRAY
   Attorneys for Plaintiffs
   KYLE KRCH AND SANDRA KRCH,
   TRUSTEES, OR THEIR SUCCESSORS IN
   TRUST, UNDER THE KRCH LIVING
   TRUST, DATED FEBRUARY 4, 2011, AND
   ANY AMENDMENTS THERETO

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INDEX OF EXHIBITS

Exhibit 1      Proposed Temporary Restraining Order

3

CODE 1067

F I L E D
Electronically
CV23-01789
2023-10-16 10:40:26 AM
Alicia L. Lerud
Clerk of the Court
Transaction # 9942381

## IN THE SECOND JUDICIAL DISTRICT COURT
## IN AND FOR THE COUNTY OF WASHOE

Kyle Krch, et al.,

       Plaintiff(s),

    VS.                          CASE NO:  **CV23-01789**

Nationstar Mortgage LLC, dba Mr Cooper,

       Defendant(s),

## DECLARATION OF SERVICE

             ss.:

**Samantha Curl**, being duly sworn says: That at all times herein Affiant was and is a citizen of the United States, over 18 years of age, and not a party to nor interested in the proceedings in which this Affidavit is made.

That Affiant received copy(ies) of the **SUMMONS; VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF;** On 10/9/2023 and served the same on 10/10/2023 at 2:17 PM by delivery and leaving a copy with:

**Kris Kennison - Administration Assistant**, pursuant to NRS 14.020 as a person of suitable age and discretion, of the office of Corporation Service Company, registered agent for Nationstar Mortgage LLC, dba Mr. Cooper, at the registered address of:

**112 N Curry St, Carson City, NV 89703-4934**

    A description of Kris Kennison is as follows

| Gender | Color of Skin/Race | Hair | Age | Height | Weight |
|--------|--------------------|------|-----|--------|--------|
| Female | Caucasian | Blond | 51 - 55 | 5'1 - 5'6 | 201-220 Lbs |

Pursuant to NRS 239B.030 this document does not contain the social security number of any person.

Affiant does hereby affirm under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

STATE OF NEVADA
COUNTY OF WASHOE

Executed on: 10/11/2023
by Samantha Curl
Registration: R-2022-02620

No notary is required per NRS 53.045

X_____
Samantha Curl
Registration: R-2022-02620
Reno Carson Messenger Service, Inc #211
185 Martin St.
Reno, NV 89509
(775) 322-2424
www.renocarson.com



Order#: R165089 NVPRF411

FILED
Electronically
CV23-01789
2023-10-16 04:35:51 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9944404 : yvildria

BRODY R. WIGHT, ESQ.
Nevada Bar No. 13615
TROUTMAN PEPPER HAMILTON SANDERS LLP
8985 S. Eastern Ave., Ste 200
Las Vegas, NV 89123 *(Nevada Office)*
Tel: (470) 832-5586
Fax: (404) 962-6800
brody.wight@troutman.com

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree St. NE # 3000
Atlanta, GA 30308 *(Corporate Office)*

*Attorneys for Nationstar Mortgage LLC*
*dba Mr. Cooper*

## SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

## COUNTY OF WASHOE

| | |
|---|---|
| KYLE KRCH AND SANDRA KRCH, TRUSTEES, OR THEIR SUCCESSORS IN TRUST, UNDER THE KRCH LIVING TRUST, DATED FEBRUARY 4, 2011, AND ANY AMENDMENTS THERETO. <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONSTAR MORTGAGE LLC, dba MR. COOPER, and DOES 1-10, <br><br> Defendants. | Case No.:  CV23-01789 <br> Dept. No.: 3 <br><br> **NOTICE OF APPEARANCE OF COUNSEL** |

**PLEASE TAKE NOTICE** that Brody R. Wight, Esq. of Troutman Pepper Hamilton Sanders LLP, enters his appearance as attorney of record for Defendant Nationstar Mortgage LLC dba Mr. Cooper, and requests that any and all notices given or required to be given and all papers, pleadings, and correspondences served or filed in connection with this case be served upon Brody R. Wight on behalf of Defendant at the following address, email address and telephone number.

TROUTMAN PEPPER HAMILTON SANDERS LLP
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123
Tel: (470) 832-5586
Fax: (404) 962-6800
Email: brody.wight@troutman.com

PAGE 1

129296580

The undersigned affirms that this document does not contain the social security number of any person.

DATED October 16, 2023.

TROUTMAN PEPPER HAMILTON SANDERS LLP

/S/ Brody R. Wight
BRODY R. WIGHT, ESQ.
Nevada Bar No. 13615
8985 S. Eastern Ave., Ste 200
Las Vegas, NV 89123 (Nevada Office)
600 Peachtree St. NE # 3000
Atlanta, GA 30308 (Corporate Office)

Attorneys for Defendant Nationstar Mortgage LLC dba Mr. Cooper

129296580

## CERTIFICATE OF SERVICE

Pursuant to Nev. R. Civ. P. 5(a), I hereby certify that I am an employee of Troutman Pepper Hamilton Sanders LLP and that on October 16, 2023, I served a true and correct copy of the foregoing **NOTICE OF APPEARANCE OF COUNSEL** by the following method(s):

☒ Electronic: by submitting electronically for filing and/or service with the Second Judicial District Court's e-filing system and served on counsel electronically in accordance with the E-service list to the following listed below:

| Mark Wray, Esq.<br>Law Offices of Mark Wray<br>608 Lander Street<br>Reno, Nevada 89509<br>Email: mwray@markwraylaw.com | Attorney for Plaintiffs |
| --- | --- |

☐ United States Mail: By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed below at their last-known mailing addresses, on the date above written: N/A

☐ Personal Service: By causing to be personally delivered a copy of the above-referenced document to the person(s) listed below: N/A

I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

*/s/ Carla Llarena*
An employee of TROUTMAN PEPPER HAMILTON SANDERS LLP

129296580

F I L E D
Electronically
CV23-01789
2023-10-16 04:34:29 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9944394 : yviloria

BRODY R. WIGHT, ESQ.
Nevada Bar No. 13615
TROUTMAN PEPPER HAMILTON SANDERS LLP
8985 S. Eastern Ave., Ste 200
Las Vegas, NV 89123 *(Nevada Office)*
Tel: (470) 832-5586
Fax: (404) 962-6800
brody.wight@troutman.com

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree St. NE # 3000
Atlanta, GA 30308 *(Corporate Office)*

*Attorneys for Nationstar Mortgage LLC dba Mr. Cooper*

## SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

## COUNTY OF WASHOE

| | |
|---|---|
| KYLE KRCH AND SANDRA KRCH, TRUSTEES, OR THEIR SUCCESSORS IN TRUST, UNDER THE KRCH LIVING TRUST, DATED FEBRUARY 4, 2011, AND ANY AMENDMENTS THERETO.<br><br>Plaintiffs,<br>vs.<br><br>NATIONSTAR MORTGAGE LLC, dba MR. COOPER, and DOES 1-10,<br><br>Defendants. | Case No.:  CV23-01789<br>Dept. No.: 3<br><br>**INITIAL APPEARANCE FEE DISCLOSURE** |

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

NATIONSTAR MORTGAGE LLC dba Mr. Cooper……………….……………. $208.00

**TOTAL REMITTED: ……………………………………………………. $208.00**

The undersigned affirms that this document does not contain the social security number of any person.

DATED October 16, 2023.            TROUTMAN PEPPER HAMILTON SANDERS LLP

*/S/ Brody R. Wight*
BRODY R. WIGHT, ESQ., Nevada Bar No. 13615
8985 S. Eastern Ave., Ste 200
Las Vegas, NV 89123 *(Nevada Office)*
600 Peachtree St. NE # 3000
Atlanta, GA 30308 *(Corporate Office)*
*Attorneys for Nationstar Mortgage LLC dba Mr. Cooper*

PAGE 1

129296580

**CERTIFICATE OF SERVICE**

Pursuant to Nev. R. Civ. P. 5(a), I hereby certify that I am an employee of Troutman Pepper Hamilton Sanders LLP and that on October 16, 2023, I served a true and correct copy of the foregoing **INITIAL APPEARANCE FEE DISCLOSURE** by the following method(s):

☒    Electronic:  by submitting electronically for filing and/or service with the Second Judicial District Court's e-filing system and served on counsel electronically in accordance with the E-service list to the following listed below:

| | |
|---|---|
| Mark Wray, Esq.<br>Law Offices of Mark Wray<br>608 Lander Street<br>Reno, Nevada 89509<br>Email: mwray@markwraylaw.com | Attorney for Plaintiffs |

☐    United States Mail: By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed below at their last-known mailing addresses, on the date above written: N/A

☐    Personal Service: By causing to be personally delivered a copy of the above-referenced document to the person(s) listed below: N/A

I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

*/s/ Carla Llarena*
An employee of TROUTMAN PEPPER HAMILTON SANDERS LLP

129296580

F I L E D
Electronically
CV23-01789
2023-10-16 11:16:28 AM
Alicia L. Lerud
Clerk of the Court
Transaction # 9942603

**Code: 2589**

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

**KYLE KRCH ETAL,**

                    **Plaintiffs,**

    **vs.**

**NATIONSTAR MORTGAGE LLC DBA**
**MR. COOPER,**

                  **Defendant.**

_____/

**Case No. CV23-01789**

**Dept. No. 3**

## <u>NOTICE OF STRICKEN DOCUMENT</u>

      The Clerk of the Court hereby strikes the CERTIFICATE OF EMAILING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION filed by Mark Wray, Esq. on October 16, 2023 (Transaction No. 9942538) from the case for the following reason(s):

☒ Document does not have an Affirmation

The Clerk of the Court does hereby place the stricken document at a security level of sealed.

*__The Court cannot consider the stricken document.  If the filing party wants the document to be considered, it must be re-filed with the noted corrections.__*

      Dated: October 16, 2023

                              ALICIA L. LERUD

                              Clerk of the Court

                              <u>By: /s/Y.Viloria</u>

                              Deputy Clerk

F I L E D
Electronically
CV23-01789
2023-10-16 11:08:04 AM
Alicia L. Lerud
Clerk of the Court
Transaction # 9942538

1

**1360**

2

MARK WRAY, #4425

LAW OFFICES OF MARK WRAY

3

608 Lander Street

Reno, Nevada 89509

4

(775) 348-8877

5

(775) 348-8351 fax

6

mwray@markwraylaw.com

Attorneys for Plaintiffs

7

KYLE KRCH and SANDRA KRCH, TRUSTEES,

OR THEIR SUCCESSORS IN TRUST, UNDER

8

THE KRCH LIVING TRUST, DATED FEBRUARY

9

4, 2011, AND ANY AMENDMENTS THERETO

10

SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

11

COUNTY OF WASHOE

12

13

14

KYLE KRCH AND SANDRA KRCH,

TRUSTEES, OR THEIR SUCCESSORS

15

IN TRUST, UNDER THE KRCH

LIVING TRUST, DATED FEBRUARY

16

4, 2011, AND ANY AMENDMENTS

THERETO,

17

18

Plaintiffs,

19

20

v.

21

NATIONSTAR MORTGAGE LLC, dba

MR. COOPER, and DOES 1-10,

22

23

Defendants.

Case No.  CV23-01789

Dept. 3

**CERTIFICATE OF EMAILING EX**
**PARTE MOTION FOR TEMPORARY**
**RESTRAINING ORDER AND**
**PRELIMINARY INJUNCTION**

24

25

The undersigned certifies that at 10:52 a.m. on October 16, 2023, the undersigned

26

emailed a copy of the *Ex Parte Motion for Temporary Restraining Order and*

27

*Preliminary Injunction* to Defendant Nationstar Mortgage, LLC by emailing the

28

1

document to the following email addresses:  customerrelationsofficer@mrcooper.com, researchincoming@mrcooper.com and legalres@mccarthyholthus.com.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

DATED: October 16, 2023

_____
MARK WRAY

2

F I L E D
Electronically
CV23-01789
2023-10-18 03:45:37 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9949326

**2610**

MARK WRAY, #4425

LAW OFFICES OF MARK WRAY

608 Lander Street

Reno, Nevada 89509

(775) 348-8877

(775) 348-8351 fax

mwray@markwraylaw.com

Attorneys for Plaintiffs

KYLE KRCH and SANDRA KRCH, TRUSTEES,

OR THEIR SUCCESSORS IN TRUST, UNDER

THE KRCH LIVING TRUST, DATED FEBRUARY

4, 2011, AND ANY AMENDMENTS THERETO

SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

COUNTY OF WASHOE

|  |  |
|---|---|
| KYLE KRCH AND SANDRA KRCH, TRUSTEES, OR THEIR SUCCESSORS IN TRUST, UNDER THE KRCH LIVING TRUST, DATED FEBRUARY 4, 2011, AND ANY AMENDMENTS THERETO,<br><br>                    Plaintiffs,<br><br>        v.<br><br>NATIONSTAR MORTGAGE LLC, dba MR. COOPER, and DOES 1-10,<br><br>                    Defendants. | Case No.  CV23-01789<br><br>Dept. 3<br><br>**NOTICE OF WITHDRAWAL OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Plaintiffs Kyle Krch and Sandra Krch, Trustees, or Their Successors in Trust,

under the Krch Living Trust, dated February 4, 2011, and Any Amendments Thereto, by

their counsel, hereby withdraw their *Ex Parte Motion for Temporary Restraining Order

and Preliminary Injunction* filed October 14, 2023 together with the *Errata to Ex Parte*

1

*Motion for Temporary Restraining Order and Preliminary Injunction* filed October 16, 2023.

     *The undersigned certifies that the foregoing document does not contain the personal identifying information or Social Security number of any person.*

DATED: October 16, 2023     LAW OFFICES OF MARK WRAY

By _____*/s/ Mark Wray*_____
           MARK WRAY
Attorneys for Plaintiffs
KYLE KRCH AND SANDRA KRCH,
TRUSTEES, OR THEIR SUCCESSORS IN
TRUST, UNDER THE KRCH LIVING
TRUST, DATED FEBRUARY 4, 2011, AND
ANY AMENDMENTS THERETO

2

<u>CERTIFICATE OF SERVICE</u>

The undersigned employee of the Law Offices of Mark Wray certifies that a true

copy of the foregoing document was served via the Court's ECF and case management

system on October 18, 2023 on the following:

BRODY R. WIGHT, ESQ.
TROUTMAN PEPPER HAMILTON SANDERS LLP
8985 S. Eastern Ave., Ste 200
Las Vegas, NV 89123
brody.wight@troutman.com

*Holly Mitchell*

3